UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NICOLE TRUELOVE, § | | |
| *Plaintiff* § | | |
| § | | |
| VS. § | | CIVIL CASE NO. 1:18-CV-392-RP |
| § | | |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, § | | |
| and § | | JURY DEMANDED |
| THE WINDHAM SCHOOL DISTRICT, § | | |
| *Defendants* § | | |

**PLAINTIFF'S RESPONSE TO DEFENDANT WINDHAM SCHOOL DISTRICT'S MOTION TO TRANSFER VENUE**

TO THE HONORABLE COURT:

Ms. Nicole Truelove ("Plaintiff") files her *Response to Defendant Windham School District's Motion to Transfer Venue* and respectfully shows the Court as follows:

## I. BACKGROUND

1.1    Plaintiff was hired by Windham School District ("WSD") as a teacher to instruct adult offender students and she was assigned to the Ferguson Unit of the Texas Department of Criminal Justice ("TDCJ").

1.2    WSD and TDCJ had contracted with each other for WSD to provide teachers to instruct student prisoners at TDCJ.

1.3    Both WSD and TDCJ owed the duty to the teacher to provide a reasonably safe place for teachers (including Plaintiff) and to provide adequate guards and other personnel to provide the teachers a reasonably safe place, environment and conditions to carry out their teaching activities.

1.4    Both WSD and TDCJ failed in several respects to provide those safeguards and protections.

1.5     Those failures on the part of WSD and TDCJ were a cause and proximate cause of the injuries and damage to Plaintiff.

1.6     The Windham School District was established by the Texas Board of Corrections and is codified in Chapter 19 of the Texas Education Code. Pursuant to §19.002.

1.7     The District has established and operates schools at the various facilities of the Texas Department of Criminal Justice. It is not, however, part of the TDCJ. The 2017-18 Texas School Directory published by the Texas Education Agency, lists approximately 100 "campuses" for the school system located throughout Texas.

1.8     Pursuant to §19.007 of the Education Code, the costs of the District are borne by the State. Unlike local school districts, the WSD has no taxing authority. Educ. Code §19.004(b).

1.9     On Monday, November 13, 2017, Plaintiff was violently assaulted (Plaintiff incorporates sections IV Facts of Plaintiff's Original Complaint filed on May 9, 2018.)

1.10    Defendant WSD has filed a Motion to transfer venue under 28 U.S.C. §1404(a), the purpose of which, according to this Defendant, is "to prevent the waste 'of time, energy, and money,' and 'to protect litigants, witnesses, and the public against unnecessary inconvenience and expense.'"

## II.     PLAINTIFF'S CHOICE OF FORUM

2.1     As a general rule, the plaintiff's choice of forum (see Exhibit A attached) is entitled to deference, and the moving party must show 'good cause' for a transfer." WSD has cited cases indicating that when the Plaintiff resides outside the District in which the case is filed, the factor of "plaintiff's choice" is no long controlling.  This case is distinguishable in that the election is not just based on a whim, but there are specific reasons why Plaintiff's election should be considered and given serious consideration.  Those reasons are set out in Exhibit A and they are

compelling reasons why such right of election should not be disregarded. As explained in a case cited by the WSD:

> [t]his "good cause" burden reflects the appropriate deference to which the plaintiff's choice of venue is entitled. When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and *clearly demonstrate* that a transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." Thus, *when the transferee venue is not <u>clearly more convenient</u> than the venue chosen by the plaintiff, the plaintiff's choice should be respected.*

*In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). (Emphasis added.)

2.2     In the present case, the WSD has cited a number of factors that it contends support its Motion to Transfer Venue. However, although these factors "are appropriate for most transfer cases, they are not necessarily exhaustive or exclusive. Moreover, we have noted that "none . . . can be said to be of dispositive weight." *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 315 (5th Cir. 2008).

2.3     The State's general rule is that mandatory venue in cases against the State is in Travis County. The Texas Supreme Court has noted that such provisions are for the purpose of "minimizing the litigation costs that taxpayers must bear by providing state agencies with a convenient venue in which to litigate." *K.D.F. v. Rex*, 878 S.W.2d 589, 595 (Tex. 1994).

2.4     In the *Rex*, case, a Texas corporation asked the Texas Supreme Court to reject a Kansas mandatory venue law in a case involving the Kansas Public Employees Retirement System and to allow it sue KPERS in Texas, because the case concerned real property located in Texas. The Supreme Court noted that the burden placed on the Defendant by the Kansas statute "is little different from the burden our own legislature has placed on Texas citizens; mandatory venue statutes require our own citizens, even those who live as far away as El Paso, Beaumont, Brownsville, or Dalhart, to pursue certain claims against state governmental entities in Travis County." Id.

2.5     The Supreme Court provided a plethora of examples in which the legislature had weighed the balancing of interests and had established mandatory venue in Travis County as being the most convenient locale for the State (see Exhibit B attached).

2.6     In other words, the State's official preference as expressed by its elected policy-making body, is that venue in cases against the State be in Travis County. This makes sense considering that the Attorney General's office, which defends all cases against the State, is in Travis County. In the present case, even though the Windham School District is not a state agency, it has locations throughout the state and, like a state agency, is represented by the A.G. The same considerations as to the convenience of this Defendant apply as if it were an actual state agency.

2.7     In addition, the other Defendant in this case, the Texas Department of Criminal Justice, is an actual state agency, which is subject to the statute establishing mandatory jurisdiction in Travis County. Further, Section 15.005 of the Civil Practice and Remedies Code provides that:

> MULTIPLE DEFENDANTS. In a suit in which the plaintiff has established proper venue against a defendant, the court also has venue of all the defendants in all claims or actions arising out of the same transaction, occurrence, or series of transactions or occurrences.

2.8     This, again, establishes Travis County as the State's preferred venue for the Windham School District, because the suit against the WSD arose out of the same transaction as the one against the Department of Criminal Justice. In short, the State's own stated preference as to where it is to be sued weighs heavily against any argument it makes about Austin not being a convenient forum for a case involving a state agency and one of its subdivisions.  The State's preference to be sued in Austin should be dispositive of this Motion. However, as for its arguments concerning the factors in favor of transferring this case elsewhere:

2.9     <u>The factors cited by the WSD do not make Houston clearly more convenient than Austin</u>

A. **Access to sources of proof.** The WSD first argues the "overwhelming majority of witnesses, documents, physical evidence, and other sources of proof are located within the jurisdiction of the Houston Division." As for documents, in the age of cloud computing:

> this factor is accorded only limited weight. "Typically, the accessibility and location of sources of proof should weigh only slightly in this Court's transfer analysis, particularly since these factors have been given decreasing emphasis due to advances in copying technology and information storage.

*Mateos v. Select Energy Servs., L.L.C.,* 919 F. Supp. 2d 817, 822 (W.D. Tex. 2013).

With regard to witnesses, when a movant claims transfer is warranted for the convenience of the witnesses, the movant must specifically identify the key witnesses and outline the substance of their testimony. *Hupp v. Siroflex of Am., Inc.*, 848 F. Supp. 744, 749 (S.D. Tex. 1994).

In the present case, the two key witnesses are the Plaintiff and her assailant. The assailant is currently being held in Lubbock, at the TDCJ Montford Unit, which in reality is closer to Austin (258 miles) than to Houston (510 miles).

B. **Availability of compulsory process.** To the extent that the WSD's witnesses are its officers or employees, courts are less likely to transfer venue for the convenience of those witnesses because the moving party can compel their attendance. "Generally, the Court gives very little consideration to the convenience of witnesses who are still employed by Defendant." *Mateos at* 822-23.

C. **Distance to court.** The distance from the Ferguson Unit to downtown Austin is approximately 64 miles greater than that to downtown Houston (approximately 156 vs. 92). The difference in travel time is approximately an hour (depending on traffic). Houston is marginally more convenient in this respect, but not enough so to clearly outweigh Plaintiff's choice of venue—again, taking into account, the State's general position on venue in Austin. Further, the

WSD has not identified the "educators, offenders, correctional officers, medical personnel, administrators, and law enforcement" witnesses it would produce and the substance and necessity of their testifying in either Houston or Austin. See *Dupre v. Spanier Marine Corp.,* 810 F. Supp. 823, 825 (S.D. Tex. 1993).

**D.** **Practical problems.** Austin presents no practical problems to trying this case as opposed to Houston. The incident occurred more than 90 miles from Houston. As noted previously, the "overwhelming amount of documents" is a non-factor in this day and age, and there is no list of witnesses or exhibits that would be more difficult to produce in Austin than in a courtroom 60 miles closer to the Ferguson Unit.

**E.** **Local interest.** The locale where this incident occurred was Midway, Texas. The school is one of approximately 100 schools operated by the WSD. Plaintiff is unaware of any particular "strong interest" in the Houston community in "alleged wrongdoings" that took place in small town 90 miles away as part of a statewide school system. Houston has no more connection to this matter than Austin, where the WSD's funding is determined and laws governing its statewide operation are made.

### III. CONCLUSION

3.1   Defendant WSD has failed to show that moving this case to Houston is clearly more convenient than maintaining it in the forum of Plaintiff's choice and the place consistently preferred by the State.

3.2   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b); because a Permanent Injunction (Mandamus) is being sought as relief by Plaintiff; and both Defendants are entities created by the State of Texas, mandatory venue is in Travis County, Texas.

3.3     Plaintiff respectfully requests that Defendant WSD's Motion to Transfer venue be denied in its entirety.

                                              Respectfully Submitted,

*/s/ Broadus A. Spivey*
Broadus A. Spivey

**ATTORNEYS FOR PLAINTIFF NICOLE TRUELOVE**

| | |
|---|---|
| David C. Lindsay<br>MEJIAS LINDSAY KUMAR PLLC<br>4900 Woodway Drive, Suite 750<br>Houston, TX 77056<br>o: 832-831-2963  f:281-783-8404<br>dlindsay@mlkfirm.com<br>SBOT # 24092703 | Broadus A. Spivey<br>LAW OFFICES OF BROADUS A. SPIVEY<br>3303 Northland Drive, Suite 205<br>Austin, TX 78731<br>o: 512-474-6061  f: 512-474-1605<br>bas@spivey-law.com<br>SBOT # 00000076 |
| Randall L. Kallinen<br>ATTORNEY AT LAW<br>511 Broadway St,<br>Houston, TX 77012<br>o:713-320-3785<br>attorneykallinen@aol.com<br>SBOT # 00790995 | Jay Brim<br>BRIM ARNETT & ROBINETT, P.C.<br>2525 Wallingwood Dr # 1400<br>Austin, TX 78746<br>o:512-328-0048   f:512-328-4814<br>jay@teacher.legal<br>SBOT # 02995300 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was electronically filed with the Clerk of this Court using the CM/ECF System, and notification of such filing will be sent to counsel for Defendants via e-mail.

**Bruce R. Garcia**
Assistant Attorney General
Attorney-In-Charge
Office Of The Attorney General
Law Enforcement Defense Division
P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / Fax (512) 370-9397
Bruce.Garcia@Oag.Texas.Gov

**Kelsey L. Warren**
Assistant Attorney General
Office Of The Attorney General
Law Enforcement Defense Division
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 370-9373
Kelsey.Warren@Oag.Texas.Gov

**ATTORNEYS FOR WINDHAM SCHOOL DISTRICT**

*/s/ Broadus A. Spivey*
Broadus A. Spivey