UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NICOLE TRUELOVE,<br>   *Plaintiff* | §<br>§<br>§ | |
| VS. | § | CIVIL CASE NO. 1:18-CV-00392-RP |
| | § | |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE,<br>and WINDHAM SCHOOL DISTRICT,<br>   *Defendants* | §<br>§<br>§<br>§ | JURY DEMANDED |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF THIS COURT:

Now Comes Plaintiff Nicole Trulove and amends her Original Complaint "as a matter of course" pursuant to FRCP 15. Nicole Truelove ("Plaintiff") files this lawsuit which arises from Defendants', the Texas Department of Criminal Justice ("Department") and the Windham School District ("Windham"), deliberately indifferent actions, inactions and responses to multiple conditions and events which caused, proximately caused and resulted in sexual harassment and sexual assault. Defendants allowed conditions (described below) to exist that substantially increased the chances and probability that Plaintiff and other teachers would be sexually assaulted by a student-inmate. Because Defendants allowed these conditions to exist, and failed to promptly and appropriately investigate and properly respond to the assault on Plaintiff, Defendants' actions, inactions and failures were the cause and proximate cause of Plaintiff's injuries. These conditions constituted a hostile work environment for teachers, including Plaintiff. This action alleges severe injuries to and massive damages to Plaintiff; directly and proximately caused by Defendants' violations of the Constitution of the United States; violations of 42 U.S.C. § 1983; violations of Title IX; and negligence.

9381P.016                                1

## I. PARTIES AND SERVICE OF PROCESS

1.1     Plaintiff Nicole Truelove was at all relevant times a teacher of student-inmates in the Ferguson Unit of the Texas Department of Criminal Justice and the Windham School District; and she is a resident of the State of Texas.

1.2     Defendant Texas Department of Criminal Justice is an entity created by the State of Texas, and this Defendant may be served with process, pursuant to CPRC § 104.005 by serving a copy of this Amended Complaint to this Defendant at:  TDCJ, c/o Office of the Attorney General, P.O. Box 12548, Austin, Texas 78711-2548.

1.3     Defendant Windham School District is a non-geographical school district established by the Texas Legislature which provides educational services to offenders in the custody of the Texas Department of Criminal Justice. This Defendant has appeared and answered herein and no service is necessary at this time, other than notification of filing of this document through the Court's CM/ECF electronic notification system.

## II.     JURISDICTION

2.1     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, which gives U.S. District Courts jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

2.2     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which gives U.S. District Courts original jurisdiction over (a) any civil action authorized by law to be brought by any person to redress the deprivation, under color of any State Law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (b) any civil action to

recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights. Various actions and inactions by Defendants' employed staff consisted of action under the color of law and therefore jurisdiction and claim is asserted under this statute.

2.3     Plaintiff brings this action to redress a hostile educational environment pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), as more fully set forth herein. This action is also brought pursuant to 42 U.S.C. § 1983 and § 1988, and the Fourth Amendment to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution.

2.4     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), to hear and decide claims arising under state law including breach of contract and negligence.

### III.     VENUE

3.1     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b); because a Permanent Injunction (Mandamus) is being sought as relief by Plaintiff; and both Defendants are entities created by the State of Texas, mandatory venue is in Travis County, Texas.

### IV.     FACTS

4.1     At all relevant times, Plaintiff was an employee of, and teacher in, the Windham School District and was a holder of a teaching certificate from the State of Texas. She also has a Bachelor's Degree in Education and a Master's Degree in Education. She is a single mother of four children (ages 16, 18, 20 and 27) and has three grandchildren. She was very proud of being a member of the teaching profession and of being a teacher in the Windham School District.

4.2     At the time this incident occurred, Plaintiff was employed by Windham pursuant to a written contract for the 2017-2018 school year. She was assigned to and was performing her

professional responsibilities at the Ferguson Unit of the Texas Department of Criminal Justice ("The Department".)

4.3     In November of 2017, Plaintiff was teaching and performing her regular duties when she observed that a student-inmate was masturbating underneath his clothing. Plaintiff sent the inmate out of the classroom to the prison guard station for the remainder of the class.

4.4     Shortly thereafter, Plaintiff was confronted by the superintendent of the Fergusson Unit education program, an employee of the Windham school district. The superintendent admonished Plaintiff that she was not to send student-inmates out of the classroom, and told Plaintiff the single reason: Windham does not get paid for student-inmates who are removed from class.

4.5     On Monday, November 13, 2017, Plaintiff was teaching and performing her regular duties which included maintaining discipline in the class room.

4.6     A student-inmate, Xavier Johnson repeatedly broke classroom rules. He repeatedly "masturbated though his pants," which was clearly offensive, insulting and extremely disrespectful and disruptive. This was done when female Windham school teachers were present in the room. The teachers had complained to both The Windham School and the Department, however, nothing was done. Masturbating in front of female Windham teachers in prison classes was a well-known problem. As a result of this conduct on the part of Xavier Johnson, Plaintiff "wrote him a case."

4.7     After Plaintiff dismissed the class, she reached out to close the classroom door. Unknown to her, Xavier Johnson was hiding behind the door. He grabbed Plaintiff and slammed her up against the back of her classroom door. He then sexually assaulted and brutally raped her. As he was committing these horrible acts, Xavier Johnson threatened Plaintiff's life

and the lives of her children, telling her that "…if you F__ with me, I will F__ with you and your children." He told her that he knew where she lived, and that even if she moved, he would find her and her children. Then he told Plaintiff that "I am going home," which to Plaintiff indicated that he would soon be out on parole and would be able to find and harm her and her family.

4.8    Plaintiff was entirely dependent upon both Defendants and the guards for enforcement of in-class discipline and for her safety.

4.9    Xavier Johnson was known by Defendants to be a serious risk to teaching personnel, especially to the female teaching staff, which included Plaintiff. He was so dangerous that he should not ever have received the privilege of attending classes, especially those taught by female teachers.

4.10    To Plaintiff's information and belief, Xavier Johnson had at least twice previously been "written up" and taken out of Education by Defendants for sexual misconduct.

4.11    In 2016 Ferguson Unit two female C.O.s were attacked and beaten by inmates at the Ferguson Unit.

4.12    TDCJ and Windham do not adequately train the women employees about the dangers of sexual assault or about the problem of masturbation in classes. TDCJ and Windham have allowed many inmates to masturbate in class in front of female teachers without discipline despite the Windham teachers repeatedly bringing it to the attention of Windham and TDCJ.

4.13    A Windham principal informed a female Windham teacher not to write up masturbating inmates because that results in "less money to Windham if there are fewer students."

4.14    In 2015 a female Windham employee was severely injured by an inmate after the

inmate had informed a Department counselor and a C.O. that he was mad at the employee. The warden then failed to send out a required notification informing other wardens of the serious attack.

4.15    TDCJ and Windham both know there is a "no skin" masturbation policy which only punishes inmates if the genital are visible while masturbating.

4.16    Inmates were not disciplined for "cat-calling;" whistling, and saying vulgar sexual explicit words to TDCJ and Windham female employees.

4.17    There were several failures on the part of both Defendants which constitute violations of Plaintiff's guaranteed rights under the 14th Amendment to the U.S. Constitution and under Title IX and other Statutes and Rules later identified. Policies and procedures were not followed; policies and procedures which should have been in place were not in place.

   a.   Classes were released that day by a trustee-inmate; not by a correctional officer as required.

   b.   The trustee-inmate did not release one class at a time, as policy required; he released two simultaneously – Plaintiff's class and the class across the hallway.

   c.   The correctional officer assigned to the Education Unit left Plaintiff and four other teachers alone in the Education Unit with all inmates, while the trustee-inmate released all the classes.

   d.   Nobody was aware that Xavier Johnson remained in Plaintiff's classroom after her class was dismissed.

   e.   On the Thursday preceding this assault, Warden Moore had informed educational faculty that the Ferguson Unit was 30% understaffed, and that there were "problems with the Education Unit."

f. Instead of closing the Education Unit until it was fully staffed and the "problems" resolved, the Wardens allowed classes to continue as usual that Monday.

g. Cameras had previously been purchased for installation in the Education Classrooms – but they were never installed.

h. Defendants decided to place those cameras elsewhere, rendering the teachers vulnerable.

i. A correctional officer had previously informed Warden Jenkins that there was a blind spot in the very classroom to which Plaintiff was assigned, but nothing was done. That was the exact spot where Xavier Johnson attacked and assaulted Plaintiff.

j. Following the assault and attack by Xavier Johnson, Defendants made only superficial and inadequate efforts to remedy these dangerous conditions, including replacing the wooden door with a plexi-glass door and placing mirrors in the classroom.

k. Both Defendants failed to provide adequate protection for teachers, including Plaintiff.

l. The vicious, dangerous and unstable disposition and tendencies of Xavier Johnson were well known to Defendants, and they failed to adequately warn Plaintiff of these dangerous characteristics on his part. And, even more importantly, Defendants failed to provide adequate supervision of Johnson in the classroom.

m. Both Defendants had a duty to adequately train teachers to properly deal with inmates who could reasonably be assumed to be dangerous, such as the prisoner in question, and they did not.

n. Plaintiff was entirely dependent upon the guards and other personnel of Defendants for her safety and protection from harm by the inmates. Although Defendants did not deliberately and intentionally harm Plaintiff, they did deliberately and intentionally fail to

provide her with safety and protection which would have prevented this assault, rape and extreme damage to Plaintiff.

    o.    Inmates were not disciplined for masturbating in class in front of Windham employees.

    p.    There was a "no skin" Windham and Department custom and policy whereby inmates were allowed to freely masturbate in class as long as the genitals were not showing. Inmates were not disciplined for "cat-calling;" whistling, and saying vulgar sexual explicit words to TDCJ and Windham female employees.

4.18    Both Defendants were deliberately indifferent in knowing of the prior acts and conduct of this assailant and failing to take action to adequately protect the teachers, including Plaintiff, from serious injury, as happened in this case.

## V.    CAUSES OF ACTION

### Count 1 – 14th Amendment

5.1    Section 1 of the 14th Amendment to the U.S. Constitution provides that "…nor shall any State deprive any person of life, liberty or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." In this case, Plaintiff has clearly been denied the equal protection of the laws because of the fact that she is a woman who was not protected from violent assault by a male prisoner of the state, as explained in more detail in Section IV, above.

### Count 2 – Section 1983

5.2    42 U.S.C. 1983 provides: "Every person who, under the color of any … custom or usage, of any State … causes to be subjected any citizen … to the deprivation of any rights … secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit

in equity, or other proper proceeding for redress…"

5.3     The requirements for relief under § 1983 are: 1) a violation of rights protected by the Constitution or created by a federal statute; 2) proximately caused; 3) by the conduct of a "person"; 4) acting under color of a state law. The facts supporting recovery by Plaintiff through Title IX and the 14th Amendment are more fully stated in Section IV, above.

5.4     §1983 is not a source of substantive rights, but it provides a method for vindicating federal rights conferred elsewhere.

### Count 3 - Title IX

5.5     Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 168l(a), states that: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefit of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance..."

   a.   Title IX is implemented through the Code of Federal Regulations. See 34 C.F.R. Part 106. 19. 34 C.F.R. § 106.8(b) which provides: "A recipient shall adopt and publish grievance procedures providing for prompt and equitable resolution of student and employee complaints alleging any action which would be prohibited by this part."

   b.   In *Gebser v. Lago Vista Independent School District,* 524 U.S. 274 (1988), the United States Supreme Court recognized that a recipient of federal educational funds intentionally violates Title IX, and is subject to a private damages action, where the recipient is "deliberately indifferent" to known acts of teacher-student discrimination.

   c.   In *Davis v. Monroe County Board. of Education,* 526 U.S. 629 (1999), the United States Supreme Court extended the private damages action recognized in *Gebser* to cases where the harasser is a student, rather than a teacher.

d. *Davis* held that a complainant may prevail in a private Title IX damages action against a school district in cases of student-on-student harassment where the funding recipient is:

1) "deliberately indifferent to sexual harassment of which the recipient has actual knowledge," and

2) "the harassment is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school." *Davis*, 526 U.S. at 1669-76.

5.6 Title IX jurisprudence as well as Department of Education regulations have long recognized that a single event of rape constitutes harassment so severe, pervasive and objectively offensive that it deprives its victims of access to the educational opportunities provided by the school: "The more severe the conduct, the less need there is to show a repetitive series of incidents to prove a hostile environment, particularly if the harassment is physical. Indeed, a single or isolated incident of sexual harassment may create a hostile environment if the incident is sufficiently severe. For instance, a single instance of rape is sufficiently severe to create a hostile environment." U.S. Department of Education, Office of Civil Rights, "Dear Colleague" Letter of April 4, 2011.

5.7 The event articulated in this complaint was so severe, pervasive, damaging and objectively offensive that it deprived Plaintiff of access to teaching and employment opportunities or benefits provided by Windham and other school systems. The Defendants created and/or subjected Plaintiff to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) ("Title IX"), because:

a) Plaintiff was a member of a protected class;

b) Plaintiff was subjected to sexual harassment in the form of a sexual assault by a student;

c) Plaintiff was subjected to harassment based on her sex; and

d) Plaintiff was subjected to a hostile educational environment created by the Defendant's lack of policies and procedures and failure to properly investigate and/or address the potential for sexual assault by Xavier Johnson and other inmates.

5.8   The Defendants' failure to promptly and appropriately respond to the environment and conditions described in this Complaint resulted in Plaintiff, on the basis of her sex, being denied the benefits of protection from sexual assault, and thus being subjected to discrimination in the Defendants' education program in violation of Title IX.

a. Defendants failed to take immediate, effective remedial steps to resolve the danger of sexual assault, and instead acted with deliberate indifference towards Plaintiff and those female teachers at Windham in a similar position.

b. Defendants persisted in their actions and inactions even after they had actual knowledge of the harm suffered by Plaintiff.

c. This policy and/or practice constituted disparate treatment of women and had a disparate impact on female teachers and employees.

5.9   Plaintiff has suffered extreme emotional distress and psychological damage, and her professional career and employment opportunities have permanently suffered from the assault that occurred as a direct and proximate result of Defendants' deliberate indifference to Plaintiff's rights under Title IX.

5.10   Each of the actions and inactions listed in Count 4 below are also incorporated herein under this claim.

### Count 4 - Texas Tort Law, Negligence

5.11     Defendants owed Plaintiff a duty of reasonable care, and they breached that duty in multiple ways including:

   a.     Failing to properly hire and retain an adequate number of officers, staff and faculty;

   b.     Failing to adequately train and prepare officers, staff and faculty to deal with the very real danger of sexual assault;

   c.     Failing to adequately monitor and supervise classrooms to ensure compliance with protections and standards for avoiding and preventing sexual assault;

   d.     Failing to discover, develop and/or implement basic safeguards designed to prevent incidents of sexual assault;

   e.     Failing to investigate and/or monitor persons with dispositions and obvious potential for the commission of sexual assault;

   f.     Failing to adopt and implement adequate safeguards to prevent sexual harassment and assault from occurring in the classrooms;

   g.     Failing to provide adequate staff, with proper training, to assist in the avoidance of sexual assault upon teachers in the classroom;

   h.     Tolerating sexual assailants in the classroom, despite reports of their propensities;

   i.     Failing to protect teachers in the campus community of the department from sexual assault, and failing to provide a safe and secure teaching and working environment for teachers in the Windham School District.

### VI.   DAMAGES

6.1     Damages incurred by Plaintiff resulting from the failures and conduct of Defendants as above described include great pain of mind and body, physical injury, shock, emotional

distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life. Plaintiff was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and has incurred and will continue to incur expenses for medical, psychiatric, and psychological treatment, therapy, and counseling. Plaintiff has been damaged by these Defendants in an amount in excess of one million dollars ($1,000,000.00). Plaintiff sues Defendants for joint and several liability.

## VII.   REQUEST FOR MANDAMUS AND PERMANENT INJUNCTION

7.1 After more complete development of the facts, including formal discovery, Plaintiff requests that this Court issue a mandatory injunction (mandamus) and permanent injunction ordering the Defendants to refrain from unlawful discrimination and/or retaliation, ordering Defendants to undertake and rectify any and all Title IX violations and/or inequities, and ordering Defendants to refrain from creating and condoning a hostile sexual harassment and/or discrimination environment against individuals on the basis of sex by immediately ceasing deliberate indifference to sexual assaults.

## VIII.   ATTORNEY FEES

8.1     Plaintiff requests award of her reasonable and necessary attorneys' fees for this action.

## IX.   REQUEST FOR DISCLOSURE

9.1     Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendants are required to promptly disclose the information and material described therein.

## X.   JURY DEMAND

10.1     Plaintiff requests a trial by jury and the jury fee has been paid.

## XI.   PRAYER

11.1   Plaintiff prays that Defendants be served with process and that upon trial by jury that Plaintiff have verdict and judgment against Defendants for actual damages shown and proved at trial, for pre-judgment and post-judgment interest, attorney fees, costs of court and for all other relief, legal and equitable, to which she is entitled.

Respectfully Submitted,

*/s/ Broadus A. Spivey*
Broadus A. Spivey

**ATTORNEYS FOR PLAINTIFF NICOLE TRUELOVE**

David C. Lindsay
MEJIAS LINDSAY KUMAR PLLC
4900 Woodway Drive, Suite 750
Houston, TX  77056
o: 832-831-2963  f:281-783-8404
dlindsay@mlkfirm.com
SBOT # 24092703

Randall L. Kallinen
ATTORNEY AT LAW
511 Broadway St,
Houston, TX 77012
o:713-320-3785
attorneykallinen@aol.com
SBOT # 00790995

Broadus A. Spivey
LAW OFFICES OF BROADUS A. SPIVEY
3303 Northland Drive, Suite 205
Austin, TX  78731
o: 512-474-6061  f: 512-474-1605
bas@spivey-law.com
SBOT # 00000076

Jay Brim
BRIM ARNETT & ROBINETT, P.C.
2525 Wallingwood Dr # 1400
Austin, TX 78746
o:512-328-0048   f:512-328-4814
jay@teacher.legal
SBOT # 02995300

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2018, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of this Court using the CM/ECF System, and notification of such filing will be sent to counsel for Defendants via e-mail.

> **Bruce R. Garcia**
> Assistant Attorney General
> Attorney-In-Charge
> Office Of The Attorney General
> Law Enforcement Defense Division
> P. O. Box 12548, Capitol Station
> Austin, Texas 78711
> (512) 463-2080 / Fax (512) 370-9397
> Bruce.Garcia@Oag.Texas.Gov
>
> **Kelsey L. Warren**
> Assistant Attorney General
> Office Of The Attorney General
> Law Enforcement Defense Division
> P.O. Box 12548
> Austin, Texas 78711-2548
> (512) 463-2080 / Fax (512) 370-9373
> Kelsey.Warren@Oag.Texas.Gov

**ATTORNEYS FOR WINDHAM SCHOOL DISTRICT**

*/s/ Broadus A. Spivey*
Broadus A. Spivey