IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NICOLE TRUELOVE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:18-CV-392-RP |
| | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE and WINDHAM SCHOOL | § | |
| DISTRICT, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is the report and recommendation of United States Magistrate Judge Andrew W. Austin concerning Defendant Windham School District's ("WSD") Motion to Transfer Venue, (Dkt. 5). (R. & R., Dkt. 25). In his report and recommendation, Judge Austin recommends that the Court grant the motion. (*Id.* at 8). Plaintiff Nicole Truelove ("Truelove") timely filed objections to the report and recommendation. (Objs., Dkt. 26).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). Truelove timely objected to most portions of the report and recommendation. The Court reviews *de novo* those parts of the report and recommendation to which Truelove objected and reviews the remainder of the report and recommendation for clear error. Having done so, the Court overrules Truelove's objections and adopts the report and recommendation as its own order.

In the Fifth Circuit, courts assess eight public and private interest factors to determine whether transfer of venue is proper under 28 U.S.C. § 1404(a). *In re Volkswagen of America, Inc. II*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc), *cert denied*, 129 S.Ct. 1336 (2009). The private interest factors

are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Id.* Truelove objects to the Magistrate Judge's assessment of the first three of these factors, primarily on the grounds that Defendants are "headquartered" in Austin, make policy and funding decisions from Austin, and are represented by counsel located in Austin. (Objs., Dkt. 26, at 6–8). However, Truelove does not explain how these considerations bear any relevance to access to sources of proof or the attendance of witnesses, and she cites no authority in support of this assumption. Truelove's focus on Defendants' headquarters as a proxy for assessing the private interest factors is therefore unavailing.

Truelove's other objection with respect to the private interest factors is that WSD failed to identify any witnesses, relying instead on a generalized statement that "[a]ll of the witnesses reside in the Hunstville/Madisonville area." (Objs., Dkt. 26, at 7–8 (quoting Mot. Transfer, Dkt. 5, at 5)). Truelove argues that it was WSD's burden to identify witnesses in support of its motion to transfer venue. (*Id.* at 7). Although it is WSD's burden to demonstrate that the case should be transferred, *see Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966), there is no specific requirement that WSD must produce a particularized witness list in order to meet its burden. Truelove cites *Volkswagen II* in support of her argument, but the mere fact that the defendant in that case submitted a list of potential witnesses does not demonstrate that such a list is *necessary* for a defendant to meet its burden under Section 1404(a). *See Volkswagen II*, 545 F.3d at 317. The Court will not establish such a requirement here. Instead, the Court agrees with the Magistrate Judge that the majority of likely witnesses in this case—including Defendants' current and former employees and any witnesses from the Ferguson Unit, where the events underlying the complaint allegedly took place—are closer to the Houston Division of the Southern District of Texas than the Austin Division. Contrary to Truelove's assertions, this consideration is relevant both to party and non-party witnesses. *See* Fed.

R. Civ. P. 45(c)(1) & (d)(3). Accordingly, it weighs in favor of transfer with respect to both party and non-party witnesses.

Finally, Truelove objects that the Magistrate Judge did not adequately respect her choice of venue. (Objs., Dkt. 26, at 5). Truelove provides a compelling personal reason for why she does not want this case litigated in Houston. (*Id.*). However, a plaintiff's choice of forum is entitled to little or no deference when she is not a resident of the forum and most of the operative facts forming the basis of her complaint did not occur in the forum. *See Noble v. Geo Grp., Inc.*, No. A-07-CA-968 LY, 2008 WL 2609208, at *4 (W.D. Tex. June 27, 2008), *report and recommendation approved*, No. A-07-CA-968-LY, 2008 WL 11417068 (W.D. Tex. Aug. 7, 2008); *Robertson v. M/V Cape Hunter,* 979 F.Supp. 1105, 1109 (S.D. Tex. 1997). Truelove is a resident of the Houston Division, and the events forming the basis of her complaint took place in the Houston Division. (R. & R., Dkt. 25, at 3). Accordingly, her choice of forum is entitled to little weight.

The Court is sympathetic to Truelove's desire to litigate this case in the Austin Division. However, the Court finds that the Houston Division is clearly a more convenient venue for the majority of parties and witnesses in this case, and that Truelove's choice of venue is entitled to little deference. The Court therefore finds that this case should be transferred.

Accordingly, for the reasons given above, **IT IS ORDERED** that the report and recommendation of the United States Magistrate Judge, (Dkt. 25), is **ADOPTED**. WSD's motion to transfer venue, (Dkt. 5), is **GRANTED**. This case is **TRANSFERRED** to the Southern District of Texas, Houston Division.

    **SIGNED** on February 28, 2019.

                                     ROBERT PITMAN
                                     UNITED STATES DISTRICT JUDGE