**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **NICOLE TRUELOVE,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:19-CV-00763** |
| | § | |
| **TEXAS DEPARTMENT** | § | |
| **OF CRIMINAL JUSTICE, et al.,** | § | |
| **Defendants.** | § | |

_____

**DEFENDANT TEXAS DEPARTMENT OF CRIMINAL JUSTICE'S
MOTION FOR SUMMARY JUDGMENT**
_____

# Exhibit A

**EEOC Charge No. 31-2018-00921 (Bates numbered 1 – 87)**



STATE OF TEXAS                    §
                                 §
COUNTY OF TRAVIS                 §

## CERTIFIED COPY OF PUBLIC RECORDS

CHARGING PARTY:  Nicole Truelove
RESPONDENT:  Texas Department of Criminal Justice
EEOC Charge No.:  31C-2018-00921

I, Elsa Guerrero, Assistant Disclosure Officer for the Texas Workforce Commission (Commission), an administrative agency of the State of Texas, hereby certify that the Commission has conducted a diligent search for records maintained by the Texas Workforce Commission Civil Rights Division regarding the above referenced charging party.

I further certify that the documents attached hereto are true and correct copies of documents located as a result of this search and that these documents consist of official records or reports, or entries therein with redactions of confidential information including redactions required by Texas Labor Code § 21.305, or if documents authorized by law to be recorded or filed and actually recorded or filed in a public office.

Witness my hand and the official seal of the Texas Workforce Commission, in Austin, Texas on April 15, 2019.

Elsa Guerrero
Assistant Disclosure Officer
Texas Workforce Commission

# EMPLOYMENT CASE FILE TABLE OF CONTENTS

19.0403-006/EG

**ORR #**

Nicole Truelove                v. Windham School District

**Complainant**                    **Respondent**

31C-2018-00921 / 1A18873

**EEOC #/TWCCRD#**

Francisco J. Cano        10-12-18                    N2

**Investigator**            **Closure Date**                    **Closure Code**

**EEOC Skeleton Crew Documents**                                        Left Side

**Complaint Form, Charge (Form 5), Form 212**                            A

**Complainant's and/or Complainant's Representative
Correspondence**                                                        B

**All Witness Statements (Complainant's and Respondent's)**              C

**Respondent's and/or Respondent's Representative's
Correspondence**                                                        D

2

# Texas Workforce Commission
## A Member of Texas Workforce Solutions

Ruth R. Hughs, Chair
Commissioner Representing
Employers

Julian Alvarez
Commissioner Representing Labor

Vacant
Commissioner Representing the Public

Larry E. Temple
Executive Director

Nicole Truelove
c/o BRIM, ROBINETT, CANTU & BRIM, P.C.
Jefferson K. Brim, III
2525 Wallingwood Drive, Building 14
Austin, TX 78746

## NOTICE OF DISMISSAL AND RIGHT TO FILE CIVIL ACTION

### Nicole Truelove v. WINDHAM SCHOOL DISTRICT

| TWCCRD Charge No. | EEOC Charge No. | TWCCRD Representative: |
|---|---|---|
| 1A18873 | 31C-2018-00921 | Francisco J. Cano |

The Civil Rights Division has dismissed this Charge and is closing its file for the following reason:

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the TWCCRD.

[ ]   Your allegations did not involve a disability that is covered by the Americans with Disabilities Act or the Texas Labor Code, Chapter 21.

[ ]   The Respondent employs less than the required number of employees or not otherwise covered by the statutes.

[ ]   We cannot investigate your charge because it was not filed within the time limits required by law.

[ ]   Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]   While reasonable efforts were made to locate you, we were not able to do so.

[ ]   You had 30 days to accept a reasonable settlement offer that afforded full relief for the harm you alleged. You failed to accept the full relief.

[ ]   The TWCCRD issues the following determination:  Based upon its investigation, the TWCCRD is unable to conclude that the information obtained establishes any violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ X ]   **Other: 180 Day Notice of Right to File a Civil Action**

101 E. 15th Street • Guadalupe CRD • Austin, Texas 78778-0001 • (512) 463-2642 (T) • (512) 482-8465 (F) • Relay Texas: 800-735-2989 (TDD) 800-735-2988
(Voice) • www.texasworkforce.org
Equal Opportunity Employer / Program

TEXAS
WORKFORCE SOLUTIONS

Nicole Truelove v. WINDHAM SCHOOL DISTRICT
TWCCRD Charge No: 1A18873
EEOC Charge No. 31C-2018-00921
Page 2

## NOTICE OF RIGHT TO FILE CIVIL ACTION

Pursuant to Sections 21.208, 21.252 and 21.254 of the Texas Labor Code, as amended, this notice is to advise you of your right to bring a private civil action in state court in the above referenced case. **PLEASE BE ADVISED THAT YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION.** The time limit for filing suit based on a federal claim may be different.

## EEOC REVIEW NOTICE:

As your charge was dual filed under Title VII of the Civil Rights Act/Age Discrimination in Employment Act/Americans with Disabilities Act, which are enforced by the U.S. Equal Employment Opportunity Commission (EEOC), you have the right to request an EEOC review of this final decision on your case. **To secure a review, you must request it in writing within fifteen (15) days from the date of the notice.** Send your request to: San Antonio EEOC, 5410 Fredericksburg Road, Suite 200, San Antonio, TX 78229.

On behalf of the Division

Lowell A. Keig
Division Director

Date 10-12-18

WINDHAM SCHOOL DISTRICT
c/o Michael P. Mondville
802 FM 2821 W
Huntsville, TX 77320

4

5

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

7012 0470 0001 2776 5317

| | | |
|---|---|---|
| Postage | $ | Postmark Here |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

NICOLE TRUELOVE 31C-2018-00921
C/O JEFFERSON K. BRIM, III
BRIM, ROBINETT, CANTU & BRIM, P.C.
2525 WALLINGWOOD DR., BLDG 14
AUSTIN, TX 78746 N2/OCTOBER

PS Form 3800, August 2006 See Reverse for Instructions

10-15-18

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

NICOLE TRUELOVE 31C-2018-00921
C/O JEFFERSON K. BRIM, III
BRIM, ROBINETT, CANTU & BRIM, P.C.
2525 WALLINGWOOD DR., BLDG 14
AUSTIN, TX 78746 N2/OCTOBER

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) M. Montemayor C. Date of Delivery 10/17/18

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

OCT 1 8 2018
101 E. 15th Street
Austin, Texas

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

2. Article Number *(Transfer from service label)* 7012 0470 0001 2776 5317

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

# BRIM, ROBINETT, CANTU & BRIM, P.C.

Jefferson K. Brim,
Mark W. Robinett
Norma J. Cantu

Attorneys at Law
2525 Wallingwood Drive
Building 14
Austin, Texas 78746
(512) 328-0048
(512) 328-4814 (facsimile)
www.teacher.legal

Brandon Y. Brim
Lisa J. Soto, of Counsel

writer's email: Jay@teacher.legal

October 9, 2018

**Via Regular Mail and
Email: javier.cano@twc.state.tx.us**

Javier Cano, Investigator
Texas Workforce Commission
101 E. 15th Street
Room: Guadalupe CRD
Austin, TX 78778-0001

> **Re:** *Nicole Truelove v. Windham School District*
> **TWCCRD#: 1A18873**          **EEOC#: 31C-2018-00921**

Dear Mr. Cano:

On behalf of Ms. Truelove, we request a Notice of Right to File a Civil Action in state court from TWCCRD, and a Notice of Right to Sue in federal court from the U.S. Equal Employment Opportunity Commission. We appreciate your prompt attention to these matters.

Sincerely,

Jefferson K. Brim, III

JKB/blm
Enclosure

cc:    Nicole Truelove *(via email)*

 

# BRIM, ROBINETT, CANTU & BRIM, P.C.

Attorneys at Law

Jefferson K. Brim,
Mark W. Robinett
Norma J. Cantu

2525 Wallingwood Drive
Building 14
Austin, Texas 78746
(512) 328-0048
(512) 328-4814 (facsimile)
www.teacher.legal

Brandon Y. Brim
Lisa J. Soto, of Counsel

writer's email: Jay@teacher.legal

September 25, 2018

**Via Regular US Mail**

Texas Workforce Commission
Civil Rights Division
101 E. 15th Street
Austin, TX 78778-0001

> ***Re:*** ***Nicole Truelove v. Windham School District***
> ***TWC CRD Charge No. 1A18873***
> ***EEOC Charge No. 31C-2018-00921C***

To Whom It May Concern:

On behalf of Ms. Truelove, we request a Notice of Right to Sue in the above-reference matter.

Sincerely,

Jefferson K. Brim, III

JKB/blm
Attachments

cc: Nicole Truelove *(via email)*
Broadus Spivey *(via email: bas@spivey-law.com)*

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | 1A18873 |
| ☒ EEOC | 31C-2018-00922 |

TWC CRD Texas Workforce Commission — and EEOC

State or local Agency, if any

APR 1 0 2018

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Nicole Truelove | ■■■■ | ■■■■ |

| Street Address | City, State and ZIP Code |
|---|---|
| ■■■■ | ■■■■ |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Windham School District | More than 50 employees | 936-291-5300 |

| Street Address | City, State and ZIP Code |
|---|---|
| 802 FM 2821, Huntsville, TX 77320 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest — Latest 11/13/2017

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am a female teacher employed by Windham School District to teach offenders in the Ferguson Unit in Midway, TX. On November 13, 2017, I was raped by one of the students who remained behind and hidden after class was over. No guards were present to protect me, and a trustee had dismissed the rest of the class. I have been told that both the absence of guards and the dismissal of the class by a trustee were in violation of policies of Windham and the Texas Department of Criminal Justice, the parent agency of the Ferguson Unit. I have also been told that the inmate who raped me had two prior accusations of sexual misconduct at Ferguson, and that he was ineligible to attend classes. The failure of the Windham School District to provide minimal protection for me by enforcing its own policies resulted in a hostile working environment for me as a female, when the inmate-student was able to catch me alone and rape me. I have continued to suffer significant mental and emotional injuries, even after my physical injuries have healed; I cannot sleep at night, I cannot attend crowded gatherings to see my son participate in extra-curricular activities unless I have several other male relatives to be with me at all times, and I cannot sit in a situation with a male behind me. I believe my employer discriminated against me as a female by failing to enforce its policies concerning assignment of inmates to classes, and by denying me the right to enforce discipline in my classes by removing students who misbehave. My sense of safety and security has been ripped away from me; emotionally, mentally, physically, and financially.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| | *Nicole Truelove* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| | *Catherine E.* |
| 4-6-18 *Nicole Truelove* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date — Charging Party Signature | April 6, 2018 |

8



CHARGE # 31C-2018-00921C    FORMALIZED OFFICE 31C    STAFF Roberto Gonzalez JF | DATE INITIAL INQUIRY  04/10/2018
LEAD CHARGE #                ACCOUNTABILE OFFICE 31C    UNIT 1                   | DATE FIRST OFFICE     04/10/2018
      FEPA # 1A18873                                                            | DATE DISTRICT         04/10/2018
                                                                               | THIS OFFICE DATE      04/10/2018

**CHARGING PARTY INFORMATION:**
Truelove, Nicole                                         Home                     Race

                                                         Work
                                                         Cell
                                         Country.  USA
Sex    F        Date of Birth            Nat Origin
Email Address

**CHARGING PARTY CONTACT**
CP Legal Representative
Jefferson K Brim - Attorney at Law
BRIM, ROBINETT, CANTU & BRIM, P.C.
2525 Wallingwood Drive, Building 14
Austin, TX 78746      Country: USA     Phone: (512) 320-0048    Email Address: jay@teacher.legal

**RESPONDENT INFORMATION**
WINDHAM SCHOOL DISTRICT                                   Phone    (936) 291-5300      FAX
802 Fm 2821 W                                            R Type   M                    SMSA  9999

Huntsville                   TX        77320      Country   USA
Size    501+ Employees
EEO1 HDQ                      EEO1 Unit
NAICS Code
Email Address

**RESPONDENT CONTACT**
Respondent Legal Representative
Michael P Mondville - General Counsel
WINDHAM SCHOOL DISTRICT
802 Fm 2821 W
Huntsville, TX 77320      Country: USA      Phone: (936) 291-5153    Email Address: michael.mondville@wsdtx.org

**PROCESSING INFORMATION**
Communication Method      M      Source of Complaint    B      Processing Type      O          Processing Category
Subpoena                          Suspense                      Transfer From:                 Deferral Office       451
Staff        Francisco Cano                                     Staff Assigned Date   10/1/2018    Staff Function/Unit   I1
Last Action     10/12/2018 15 F0 Final Action Submitted Office: 31C F/U: D1 Del: A
Final Closure Action    10/12/2018 14 N2 NRTS Issued At CP Request Office: 31C F/U: I1

**ALLEGATIONS**
Alleg #   1   SBI: F   GF  T2    Cont Act?  N    Litigation?    Cause?    First DOV   11/13/2017   Last DOV   11/13/2017
Alleg #   2   SBI: T   GF  T2    Cont Act?  N    Litigation?    Cause?    First DOV   11/13/2017   Last DOV   11/13/2017

**BENEFITS**
**ACTION HISTORY**

| Date | Seq | Code | Description | Attributes | Office | F/U | Del |
|------|-----|------|-------------|-----------|--------|-----|-----|
| 04/10/2018 | 1 | A9 | Assign FEPA Chg No. | 1:1A18873 | 31C | I1 | |
| 04/10/2018 | 2 | AB | Formalize Charge | | 31C | I1 | |
| 04/11/2018 | 3 | G1 | Assigned To Staff | 1:MJG 2:W | 31C | I1 | |
| | | | | | 31C | I1 | |
| 04/12/2018 | 5 | G8 | Pos. Statement Requested | | 31C | I1 | |
| | | | | | 31C | I1 | |
| 04/30/2018 | 7 | G1 | Assigned To Staff | 1:BDS 2:A | 31C | I1 | |


| 05/02/2018 | 11 | G9 | Position Statement Received | | 31C | I1 |
|---|---|---|---|---|---|---|
| | | | P/S received | | | |
| 08/01/2018 | 8 | G1 | Assigned To Staff | 1:WDB 2:A | 31C | I1 |
| 09/28/2018 | 12 | H3 | Final Determination Counseling | | 31C | I1 |
| | | | CP attorney requested rts. | | | |
| 10/01/2018 | 9 | G1 | Assigned To Staff | 1:FJC 2:W | 31C | I1 |
| 10/04/2018 | 10 | G4 | CP Contact/Interview | | 31C | I1 |
| | | | Sent 180. | | | |

Hello Mr. Brim:

Attached is the 180 day notice.

Mr. Brim- I am the investigator assigned to this case. We are in receipt of your request for the right to sue. At the time of your request the 180-day timeframe had not expired; therefore, we could not process any sooner. Please let me know how you would like to proceed.

Javier Cano
Investigator V | Texas Workforce Commission Civil Rights Division
101 E. 15th St. Austin, TX 78778-0001
Email: Javier.cano@twc.state.tx.us
Phone: (512) 463-7318 Fax: (512) 482-8465

| 10/12/2018 | 13 | H4 | Investigative Memo Approved | 31C | I1 |
|---|---|---|---|---|---|
| 10/12/2018 | 14 | N2 | NRTS Issued At CP Request | 31C | I1 |
| 10/12/2018 | 15 | F0 | Final Action Submitted | 31C | D1 |

**IMS NOTES**

10



A



EEOC Form 212-A (3/98)

# U.S. Equal Employment Opportunity Commission

TO: **San Antonio Field Office**
**5410 Fredericksburg Rd**
**Suite 200**
**San Antonio, TX 78229**

Date   **April 11, 2018**
EEOC Charge No.
**31C-2018-00921**

FEPA Charge No.
**1A18873**

CHARGE TRANSMITTAL

SUBJECT:

| **Nicole Truelove** | v. | **WINDHAM SCHOOL DISTRICT** |
|---|---|---|
| *Charging Party* | | *Respondent* |

Transmitted herewith is a charge of employment discrimination initially received by the:

☐ EEOC    ☒ **Texas Workforce Commission Civil Rights Division**  on  **April 10, 2018**

                      *Name of FEPA*                        *Date of Receipt*

☐ Pursuant to the worksharing agreement, this charge is to be initially investigated by the EEOC.

☒ Pursuant to the worksharing agreement, this charge is to be initially investigated by the FEPA.

☐ The worksharing agreement does not determine which agency is to initially investigate the charge.

    ☐ EEOC requests a waiver          ☐ FEPA waives

    ☐ No waiver requested        ☐ FEPA will investigate the charge initially

*Please complete the bottom portion of this form to acknowledge the receipt of the charge and, where appropriate, to indicate whether the Agency will initially investigate the charge.*

| Typed Name of EEOC or FEPA Official | Signature/Initials |
|---|---|
| **Lowell Keig** | |

| **Nicole Truelove** | v. | **WINDHAM SCHOOL DISTRICT** |
|---|---|---|
| *Charging Party* | | *Respondent* |

TO WHOM IT MAY CONCERN:

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention to initially investigate the charge.

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention not to initially investigate the charge.

☐ This will acknowledge receipt of the referenced charge and request a waiver of initial investigation by the receiving agency.

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention to dismiss/close/not docket the charge for the following reasons:

| Typed Name of EEOC or FEPA Official | Signature/Initials |
|---|---|
| **Travis Hicks, Director** | |

TO: **Texas Workforce Commission Civil Rights Division**
**101 East 15th St**
**Guadalupe-CRD**
**Austin, TX 78778**

Date   **April 11, 2018**
EEOC Charge No.
**31C-2018-00921**
FEPA Charge No.
**1A18873**

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | 1A18873 |
| ☒ EEOC | 31C-2018-00921 |

TWC CRD Texas Workforce Commission and EEOC

*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Nicole Truelove    APR 10 2018 | ▉ | ▉ |

| Street Address | City, State and ZIP Code |
|---|---|
| ▉ | ▉ |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Windham School District | More than 50 employees | 936-291-5300 |

| Street Address | City, State and ZIP Code |
|---|---|
| 802 FM 2821, Huntsville, TX 77320 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest _____   Latest 11/13/2017
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am a female teacher employed by Windham School District to teach offenders in the Ferguson Unit in Midway, TX. On November 13, 2017, I was raped by one of the students who remained behind and hidden after class was over. No guards were present to protect me, and a trustee had dismissed the rest of the class. I have been told that both the absence of guards and the dismissal of the class by a trustee were in violation of policies of Windham and the Texas Department of Criminal Justice, the parent agency of the Ferguson Unit. I have also been told that the inmate who raped me had two prior accusations of sexual misconduct at Ferguson, and that he was ineligible to attend classes. The failure of the Windham School District to provide minimal protection for me by enforcing its own policies resulted in a hostile working environment for me as a female, when the inmate-student was able to catch me alone and rape me. I have continued to suffer significant mental and emotional injuries, even after my physical injuries have healed; I cannot sleep at night, I cannot attend crowded gatherings to see my son participate in extra-curricular activities unless I have several other male relatives to be with me at all times, and I cannot sit in a situation with a male behind me. I believe my employer discriminated against me as a female by failing to enforce its policies concerning assignment of inmates to classes, and by denying me the right to enforce discipline in my classes by removing students who misbehave. My sense of safety and security has been ripped away from me; emotionally, mentally, physically, and financially.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| | *Nicole Truelove* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT  *Catherine E.* |
| 4-6-18 __Date__   *Nicole Truelove* __Charging Party Signature__ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)  April 6, 2018 |

B

# Texas Workforce Commission
A Member of Texas Workforce Solutions

Andres Alcantar, Chairman
Commissioner Representing the Public

Ruth R. Hughs
Commissioner Representing Employers

Julian Alvarez
Commissioner Representing Labor

Larry E. Temple
Executive Director

October 4, 2018

Nicole Truelove
c/o Jefferson K. Brim, III
2525 Wallingwood Drive, Building 14
Austin, TX 78746

RE:     Nicole Truelove v. WINDHAM SCHOOL DISTRICT
TWCCRD #:     1A18873        EEOC #:        31C-2018-00921

Dear Ms. Truelove:

Because 180 days have passed since you filed a complaint with the Texas Workforce Commission Civil Rights Division, you have the right to request a Notice of Right to File a Civil Action in State Court from TWCCRD and a Notice of Right to Sue in Federal Court from the U.S. Equal Employment Opportunity Commission.  Please be advised that you have 60 days from the date you receive the Notice of Right to File a Civil Action from TWCCRD to file a lawsuit in State Court and 90 days from the date you receive the Notice of Right to Sue from the EEOC to file a lawsuit in Federal Court.  Your request must be in writing and must reference both TWCCRD and EEOC complaint numbers.  If you request your notice from TWCCRD and reference both numbers, TWCCRD will discontinue the investigation of your complaint and request that EEOC dismiss your complaint and issue its Notice of Right to Sue.

If you do not request these notices, TWCCRD will continue the investigation of your complaint.  However, TWCCRD's Notice of Right to File a Civil Action will be automatically issued in 665 days from the filing of your complaint, if TWCCRD has not completed its investigation or dismissed your case.  A civil action may not be brought under Texas Labor Code Chapter 21 later than the second anniversary of the date the complaint relating to the action is filed, pursuant to Texas Labor Code Chapter 21.256, or 60 days from the date you receive the Notice of Right to File a Civil Action from TWCCRD, whichever date comes sooner.

Sincerely,

Javier Cano
Investigator



101 E. 15th Street, Room: Guadalupe CRD • Austin, Texas 78778-0001• Austin, Texas 78701 • (51.., ...

Equal Opportunity Employer / Program

TEXAS
WORKFORCE SOLUTIONS
* * * *

15

# BRIM, ROBINETT, CANTU & BRIM, P.C.

Attorneys at Law

Jefferson K. Brim,
Mark W. Robinett
Norma J. Cantu

2525 Wallingwood Drive
Building 14
Austin, Texas 78746
(512) 328-0048
(512) 328-4814 (facsimile)
www.teacher.legal

Brandon Y. Brim
Lisa J. Soto, of Counsel

writer's email: Jay@teacher.legal

September 25, 2018

**Via Regular US Mail**

Texas Workforce Commission
Civil Rights Division
101 E. 15th Street
Austin, TX 78778-0001

> ### Re: *Nicole Truelove v. Windham School District*
> ### *TWC CRD Charge No. 1A18873*
> ### *EEOC Charge No. 31C-2018-00921C*

To Whom It May Concern:

On behalf of Ms. Truelove, we request a Notice of Right to Sue in the above-reference matter.

Sincerely,

Jefferson K. Brim, III

JKB/blm
Attachments

cc: Nicole Truelove *(via email)*
    Broadus Spivey *(via email: bas@spivey-law.com)*

16

JAY BRIM
BRIM, ROBINETT, CANTU & BRIM, P.C.
2525 WALLINGWOOD DR., BLDG. 14
AUSTIN, TX 78746

AUSTIN
TX 787
25 SEP '18
PM 2 L



US POSTAGE
$00.47º
First-Class
Mailed From 78746
09/25/2018
032A 0061822476

CAKIRI E

TEXAS WORKFORCE COMMISSION
CIVIL RIGHTS DIVISION
101 E 15TH STREET
AUSTIN TX 78778-0001

TWC CRD
SEP 26 2018

78778-0001

# Texas Workforce Commission

A Member of Texas Workforce Solutions

Andres Alcantar, Chairman
Commissioner Representing the Public

Ruth R. Hughs,
Commissioner Representing Employers

Julian Alvarez
Commissioner Representing Labor

Larry E. Temple
Executive Director

April 12, 2018

BRIM, ROBINETT, CANTU & BRIM, P.C.
Jefferson K. Brim, III
2525 Wallingwood Drive, Building 14
Austin, TX 78746

Reference:                 Nicole Truelove v. WINDHAM SCHOOL DISTRICT
TWCCRD Charge No.:          1A18873
EEOC Charge No.::           31C-2018-00921C



April 12, 2018

Reference: Nicole Truelove v. WINDHAM SCHOOL DISTRICT
TWCCRD Charge No.: 1A18873
EEOC Charge No.: 31C-2018-00921C

20



## KEEP YOUR DOCUMENTS – BOTH PAPER AND ELECTRONIC

Now that you have filed a Charge of Discrimination with the Texas Workforce Commission Civil Rights Division (TWCCRD), you must keep anything that might be evidence related to your charge. This includes all documents, communications, and electronic information that are potentially related to your TWCCRD charge, including the harm caused by the discrimination, and all records of your communication with the TWCCRD.

## EXAMPLES OF INFORMATION YOU SHOULD KEEP

Paper documents, such as:
- Employee manuals, pay stubs, work schedules
- Letters, memos, your notes
- Pictures, drawings, charts, whether or not they contain words

Electronic information such as:
- E-mails, text messages, tweets, and social media posts and pictures
- Voice messages, video and sound recordings
- Word processing documents, electronic calendar entries
- Electronic memory on devices or the devices themselves, such as:
  o Memory on computers, laptops, tablets, cell phones
  o Computers, laptops, tablets, cell phones

### *(This is not a complete list)*

Do not delete, replace, alter, "wipe," or "clear" your computer hard drive, electronic tablet, or cell phone, and do not change or remove Internet posts, without retaining an electronic copy. If you dispose of any old computers, phones or devices, be sure you make and keep an electronic copy of all potentially relevant information on the device.

If you have questions about what you should or should not do, please contact your investigator.

***Why must you keep this information?*** It might be evidence related to your charge. Please note that failure to keep these records may cause you to lose your case, or to lose the right to recover money lost due to the discrimination.

***What happens to your information?*** Your investigator will discuss with you what information is needed by the TWCCRD to investigate your charge. Information that you provide that happens to be private or personal in nature will not be disclosed by the TWCCRD during its investigation, and if the TWCCRD files suit on your charge, we will do our best to keep such information out of the court proceedings.

## LOOK FOR WORK IF YOU ARE OUT OF WORK

If you lost your job or were not hired due to discrimination, you may be entitled to the pay or wages you lost. However, you cannot receive lost wages unless you can show that you looked for another job to replace the one you lost or were denied due to discrimination. In order to prove you searched for work, you must keep copies of all letters, emails or other evidence of your job search. If you succeed in finding a new job, but it pays less than the job you lost, you may be entitled to the difference in pay. Therefore, it is necessary to keep all evidence of your job search even if you find another job.

## WHAT ARE RECORDS OF YOUR JOB SEARCH?

The following types of information can prove that you have tried to find work:
- Copies of job applications and resumes
- A list of all the companies you contact about jobs by phone, letter or in-person
- Copies of e-mails or letters that you send to or receive from companies where you have asked about work or submitted an application
- A list of all of the places where you apply and for each one have the following information:
  - The date of the application
  - The position you were seeking
  - The response you received from your application, such as rejection letters or invitations to interview
  - Whether you were interviewed and the date of the interview
  - The results of the interview
  - Notes about what you did to look for work (for example, searching the newspaper or Internet or contacting employment agencies) and the dates that you conducted the search
  - Copies of your pay stubs or earnings records if you find another job

### Keep us informed...
Once you file a charge with us, you must tell us if you move or get a new address, telephone number, or e-mail address. We may need to talk to you to get more information. If the TWCCRD cannot reach you to get necessary information, your charge may be dismissed.

### Call if you have questions...
Your investigator will discuss with you the documents and other evidence we need to investigate your charge. If you have any questions, or for inquiries about the status of your case, please contact your investigator directly or call 1-888-452-4778 or 512-463-2642.

# BRIM, ROBINETT, CANTU & BRIM, P.C.

Attorneys at Law

Jefferson K. Brim,
Mark W. Robinett
Norma J. Cantu

2525 Wallingwood Drive
Building 14
Austin, Texas 78746
(512) 328-0048
(512) 328-4814 (facsimile)
www.teacher.legal

Brandon Y. Brim
Lisa J. Soto, of Counsel

writer's email: Jay@teacher.legal

TWC CRD
APR 10 2018

April 6, 2018

**VIA CMRRR #7009 2250 0003 9813 3998**

Texas Workforce Commission
Civil Rights Division
101 E. 15th Street
Austin, TX 78778-0001

> *Re:* *Nicole Truelove*

Dear Civil Rights Commission:

We represent Nicole Truelove, an employee of the Windham School District. Attached please find her signed complaint, alleging sex discrimination, for filing.

Sincerely,

Jefferson K. Brim, III

JKB/blm
Enclosure

cc: Nicole Truelove *(via email)*
Broadus Spivey *(via email: bas@spivey-law.com)*

JAY BRIM
BRIM, ROBINETT, CANTU & BRIM,
2525 WALLINGWOOD DR., BLDG. 14
AUSTIN, TX  78746

7009 2250 0003 9813 3998



US POSTAG
$06.67⁰
First-Class
Mailed From 78746
04/06/2018
032A 0061822476

TEXAS WORKFORCE COMMISSION
CIVIL RIGHTS DIVISION
101 E 15TH ST
AUSTIN TX  78778-0001

TWC CRD

APR 1 0 2018

78778$0001 C099

C



D



# WINDHAM SCHOOL DISTRICT
*Schools in the Texas Department of Criminal Justice*

May 2, 2018

Walter Bryan
Texas Workforce Commission           VIA EMAIL TO
Civil Rights Division                EEOIntake@twc.state.tx.us
101 East 15th Street, Room 144T
Austin, Texas 78778-0001

Re.:                 Nicole Truelove v. Windham
TWCCRD Charge No.:   1A18873
EEOC Charge No.:     31C-2017-00921

Dear Mr. Bryan:

This is in response to the charge of discrimination filed by Ms. Nicole Truelove (Female, hereinafter, Complainant) and represents the Windham School District's (hereinafter, District) statement of position.

Specifically, the Complainant alleged:

*I am a female teacher employed by the Windham School District to teach offenders in the Ferguson Unit in Midway, TX. On November 13, 2017, I was raped by one of the students who remained behind and hidden after class was over. No guards were present to protect me, and a trustee had dismissed the rest of the class. I have been told that both the absence of guards and the dismissal of the class by a trustee were in violation of policies of Windham and the Texas Department of Criminal Justice, the parent agency of the Ferguson Unit, I have also been told that the inmate who raped me had two prior accusations of sexual misconduct at Ferguson, and that he was ineligible to attend classes. The failure of the Windham School District to provide minimal protection for me by enforcing its own policies resulted in a hostile working environment for me a female, when the inmate-student was able to catch me alone and rape me. I have continued to suffer significant mental and emotional injuries, even after my physical injuries have healed; I cannot sleep at night, I cannot attend crowded gatherings to see my son participate in extra-curricular activities unless I have several other male relatives to be with me at all times. I*

*cannot sit in a situation with a male behind me. I believe my employer discriminated against me as a female by failing to enforce its policies concerning assignment of inmates to classes, and by denying me the right to enforce discipline in my class by removing students who misbehave. My sense of safety and security has been ripped away from me; emotionally, mentally, physically, and financially.*

The District denies that the Complainant was discriminated against because of her sex (gender), female, in violation of the Texas Labor Code, Chapter 21 or Title VII of the Civil Rights Act of 1964, as amended. Specifically, the District makes the following responses to the allegations:

Throughout her statement, the Complainant mixes the duties and responsibilities of the District and the Texas Department of Criminal Justice (TDCJ). This is not uncommon but it is important to define the areas for which each is responsible.

The responsibility for security in Texas prisons is assigned to the Correctional Institutions Division of the TDCJ. The Division has,

> "...operational responsibility for providing safe and appropriate confinement, supervision, and rehabilitation of Texas adult felony offenders..." 37 TAC §152.1.

The District, on the other hand, shall...

(1) develop educational programs specifically designed for persons eligible under Section 19.005 and ensure that those programs, such as GED and ESL, are integrated with an applied vocational context leading to employment;

(1-a) develop vocational training programs specifically designed for persons eligible under Section 19.005 and prioritize the programs that result in certification or licensure, considering the impact that a previous felony conviction has on the ability to secure certification, licensure, and employment;

(1-b) continually assess job markets in this state and update, augment, and expand the vocational training programs developed under Subdivision (1-a) as necessary to provide relevant and marketable skills to students; and

(2) coordinate educational programs and services in the department with those provided by other state agencies, by political subdivisions, and by persons who provide programs and services under contract.

Tex. Educ. Code §19.004(c). (See TAB 1 for extracts of the TAC and the Education Code)

Proper understanding of the two entities and their separate missions leads to the following conclusions about the complaint.

First, when the Complainant alleges, "*No guards were present to protect me, and a trustee had dismissed the rest of the class.*" and that, "*both the absence of guards and the dismissal of the class by a trustee were in violation of policies of Windham and the Texas Department of Criminal Justice,*" she is referring to the TDCJ and not to the District. The District does not and cannot address the performance of a separate state entity.

However, there remain two allegations directed at the District:

First, that the "*inmate*" was, "*...ineligible to attend classes.*" and...

Second, that the District denied the Complainant, "*...the right to enforce discipline in my class by removing students who misbehave.*"

These lead to the charge the Commission will ultimately have to answer, "*...I believe my employer discriminated against me as a female...*"

For the reasons stated below, the offender student was eligible and was properly placed in the class. Further, the Complainant did have the ability to remove students who misbehaved from her class. We restate that we have not discriminated against the Complainant because of her sex (gender), female, in violation of the Texas Labor Code, Chapter 21 or Title VII of the Civil Rights Act of 1964, as amended.

STUDENT ELIGIBILITY

Student eligibility is based on the Individual Treatment Plan (ITP). The ITP establishes a single digit need key based on the offender's Education Assessment

Test (EA)score, and a single digit Priority Key based on offender age. The tables used are below:

### Need Key

3- Literacy III, EA 6.0 and above
2- Literacy II, E.A. 4.0 - 5.9
1- Literacy I, E.A. below 4.0
0- No assessed academic needs (Has college claimed/verified)

### Priority Key

3- Less than age 22
2- Age 22 to 34
1- Age 35 to 59
E- Age 60 or older, or offenders with Immigration and Customs Enforcement detainers.
0- No need, offender has 0 level of need.

(See TAB 2 for copy of the Individualized Treatment Plan (ITP) Procedures 8.01, Windham School District Academic Program)

As noted in the name *Individual* Treatment Program, the selection process for offenders to attend class is individualized.

Procedures require that:

In developing an Individualized Treatment Plan (ITP) for incarcerated offenders, the Windham or contracted educational representative will determine the individual needs of the offender and the program(s) which will be most beneficial in job preparation and is designed to reduce the offender's chance of recidivating.

Section II of the ITP Procedures lists some of the other factors that the counselor, the Windham Representative named in the above paragraph, must use to determine who is enrolled.

II. Placement Consideration for All Programs (including, but not limited to):

- Age
- Custody level
- Educational achievement level
- Educational assessments
- Previous education participation
- Institutional behavior
- State Jail release date
- Medical classification
- Projected release date
- Voted parole date
- Workplace literacy skills

(See TAB 3 for copy of the Individualized Treatment Plan (ITP) Procedures 8.00, Windham School District)

At the time he was placed in the literacy class that would later be taught by the Complainant, Offender Johnson, 1876178, had an EA score of 7.2 placing him in the highest need category. He was 25 years old, the second highest Priority category. (See TAB 4 for extract of District spreadsheet with details of ITP) His classification is G2; he is eligible to attend class.

> Prison offenders classified as G1, G2, or G3 and state jail offenders classified as J1 or J2 shall be eligible for participation in academic programs according to the ITP process and the eligibility requirements of specific programs.

(See TAB 5 for WBP 8.01, Student eligibility for Windham School District Programs. Page 2, Section II)

Neither the District spread sheet (TAB 4) nor the TDCJ UCR 07 screen (A screen on the TDCJ computer system for Unit Classification Review of current institutional adjustment records and further explained by District Counselor Robertson in her statement at TAB 6) contain any notes showing Offender Johnson is considered an offender with a history of sexual misconduct. Johnson's only two sexual misconduct disciplinaries were for masturbation and occurred in November 2015, two years before the alleged acts cited in this complaint. These

two acts occurred in a single month roughly in the middle of the five years Johnson has served in prison.

The District believes it did not error in placing Offender Johnson into class. He had the highest need, the second highest age category, and there was no evidence to suggest he was an offender with a "sexual misconduct history."

CLASSROOM DISCIPLINE

The Complainant alleges the District discriminated against her by "...*by denying me the right to enforce discipline in my class by removing students who misbehave.*" This is not correct.

It is the policy of the District to remove student offenders from the classroom at the teacher's request. This policy is enforced by the correctional officers assigned to the education department of the unit. In their own words:

> "Anytime a[n] offender is acting up in class he is removed. Once the teacher let[s] know what is going on, he is then removed, restrain[ed] and call for a supervisor to take him to PHD [Pre Hearing Detention] holding.

(See TAB 7 for copy of statement from S. Cunningham COIV)

> As a Security Officer for TDCJ assigned to the Education Department if a teacher needed on offender removed from class for sexual misconduct, I would take the following steps. First, I would remove the offender from class and place him in hand restraints. Second I immediately call for a supervisor and escort officers to escort said offender from the education department. The offender would then be placed in PHD on X-Block.

(See TAB 8 for copy of statement from J. Morales CO)

> I have personally removed offenders from classes for many different reasons. If at any time the teacher felt uncomfortable, or disrespected from the way an offender looked at them, how they spoke, or any gestures, the offender would be removed from class. The only time the offender returned to class was when the teacher believed the offender could behave himself.

(See TAB 9 for copy of statement from Vanessa Bazan (Howell) COIV)

The above statements are from Correctional Officers at the Ferguson Unit. The teachers at that unit were also aware of the support they received from the officers and the District. From their statements:

> As a teacher for the Windham School District, I have always been able to send a student out of the classroom if they were exhibiting any behavior that I deemed disruptive or dangerous. I have worked for Windham for more than eight years, and I have never had a problem with sending an offender out of class.

(See TAB 10 for copy of statement from Karen Bishop Windham Instructor)

> I am confident the educational officers will remove any student I ask them to if I ever needed.

(See TAB 11 for copy of statement from Ms. Smith (Ballard) Windham Instructor)

Complainant is aware of this procedure and has used it in the past. One offender, Jacory Thomas, 2107765, coincidently knew the Complainant's son outside of prison. The Complainant asked that the offender be removed from her classroom. He was dropped from class and in order to ensure there would be no confrontation, he was sent to another unit. (See TAB 6 for statement from Ms. Robertson, Ferguson Counselor.)

Offender Anderson, 2120406, was removed from the Complainant's class at her request for talking back and refusing to do his work assignment. Offender Mosqueda, 1771782, was also removed for taking his shoes off (a dress code violation) and for not doing his assignment and back talking. The Complainant talked with both offenders and later allowed them to return to her class. (See TAB 8 statement from Officer J. Morales and TAB 6 for statement from Ms. Robertson)

DISCRIMINATION

The Complainant speaks twice of her being female and being subject of discrimination based on her gender. The first...

*The failure of the Windham School District to provide minimal protection for me by enforcing its own policies resulted in a hostile working environment for me a female,*

And later...

*I believe my employer discriminated against me as a female by failing to enforce its policies concerning assignment of inmates to classes, and by denying me the right to enforce discipline in my class by removing students who misbehave.*

As shown above the District did enforce its policies concerning assignment of inmates to classes, and it did enforce discipline by removing students who misbehave. The alleged actions of Offender Johnson were *individual* criminal acts.

Further, although the alleged actions of Offender Johnson were directed at the Complainant , the environment in which they occurred was gender neutral. A total of 14 teachers work at the Ferguson Unit every day; eight female and six male. The Complainant's classroom was on the first floor of the education section of the unit. There were a total of six teachers on that floor; four female and two male. The Complainant had a male teacher in the classroom next to her and one across the hall. All are subject to the same working conditions. All are in classrooms with offenders every day. All are capable of removing misbehaving students from their classes rooms.

(See TAB 12 for copy of statement and map of the education section from Ms. Pickett, Principal of the Ferguson Unit)

CONCLUSION

The District has responded to the allegations that the Complainant made on the face of the charge. We have shown that our policies regarding student eligibility were followed. We have also shown that our policies on removing misbehaving students were followed. Finally, the Complainant has failed to show the she was treated differently because of her gender.

In view of the foregoing, we respectfully submit that the District has demonstrated a good faith effort to comply with the Commission's request for information. The District respectfully submits that the Commission has sufficient information to either dismiss this complaint or issue a "no cause" determination in this matter.

Sincerely,

Michael P. Mondville
General Counsel

Requested information for
TWC-CRD No. 1A18873
Nicole Truelove v. Windham School District

Information Requested by the Commission

(1)     The full legal name and address of the Respondent, including if applicable, the relationship to and name and address of any parent company or agency.

Windham School District
P.O. Box 40
802 FM 2821
Huntsville, Texas 77342-0040

(2)     The name, title, and address of the individual(s) most directly responsible for managing the company or agency.

Dr. John "Clint" Carpenter
Superintendent
P.O. Box 40
802 FM 2821
Huntsville, Texas 77342-0040

(3)     The number of employees currently employed by the Respondent.

As of May 1, 2018 the district has 985 employees.

(4)     A detailed statement that completely responds to each allegation in the Charge of Employment Discrimination

Please see the position statement above.

(5)     A copy of the following information or documentation:

a.     Policies and procedures regarding Equal Employment Opportunity (EEO), including complaint reporting procedures.

WBP 7,52, Equal Employment Opportunity attached

b.     Written statements of all persons involved or that witnessed the actions identified in the Charge of Discrimination.

36

The following TABs contain statements requested.

TAB 6   Statement from Elizabeth (Claire) Robertson, Counselor at Ferguson Unit

TAB 7   Statement from S. Cunningham COIV

TAB 8   Statement from J. Morales CO

TAB 9   Statement from Vanessa Bazan (Howell) COIV

TAB 10  Statement from Karen Bishop Windham Instructor

TAB 11  Statement from Ms. Smith (Ballard) Windham Instructor

TAB 12  Statement and map of the education section from Ms. Pickett, Principal of the Ferguson Unit

c.   A list of similarly-situated employees working in the last 2 years, including position title, the date and reason for the action taken for each employee listed.

None. The District has not taken any action against the Complainant . She is receiving full salary (combination of Workers Compensation and regular salary) and full benefits as assault leave. See Tex. Educ. Code §22.003 (b) Minimum State Leave Program. There have been no other assaults during the last 2 years.

d.   Any other documentation to support the reason for the adverse personal action.

No additional documentation

List of TABs
Nicole Truelove v. Windham School District
TWC_CRD No. 1A18873


TAB 1    Extracts of the TAC and the Education Code

TAB 2    Individualized Treatment Plan (ITP) Procedures 8.01, Windham School District Academic Program

TAB 3    Individualized Treatment Plan (ITP) Procedures 8.00, Windham School District

TAB 4    District spreadsheet with details of ITP

TAB 5    WBP 8.01, Student eligibility for Windham School District Programs.

TAB 6    Statement from Elizabeth (Claire) Robertson, Counselor at Ferguson Unit

TAB 7    Statement from S. Cunningham COIV

TAB 8    Statement from J. Morales CO

TAB 9    Statement from Vanessa Bazan (Howell) COIV

TAB 10   Statement from Karen Bishop Windham Instructor

TAB 11   Statement from Ms. Smith (Ballard) Windham Instructor

TAB 12   Statement and map of the education section from Ms. Pickett, Principal of the Ferguson Unit


# WINDHAM BOARD POLICY

**SUBJECT:**  EQUAL EMPLOYMENT OPPORTUNITY

**AUTHORITY:**  *Equal Pay Act of 1963*, 29 U.S.C. § 206(d); *Age Discrimination in Employment Act of 1967* (ADEA), as amended, 29 U.S.C. §§ 621; *Title VII, Civil Rights Act of 1964*, as amended, 42 U.S.C. §§ 2000e–2000e-17; *Genetic Information Nondiscrimination Act of 2008*, 42 U.S.C. §§ 2000ff–2000ff-11; *Americans with Disabilities Act of 1990* (ADA), as amended, 42 U.S.C. §§ 12101-12213; Tex. Educ. Code § 19.004; Tex. Gov't Code § 2052.003(d); Texas Lab. Code §§ 21.001–21.556, 301.151–.156; BP-02.43, "Equal Employment Opportunity"

**APPLICABILITY:**  Windham School District (WSD)

## EMPLOYMENT AT WILL CLAUSE:

These guidelines do not constitute an employment contract or a guarantee of continued employment. The WSD reserves the right to change the provisions of these guidelines at any time.

Nothing in these guidelines and procedures limits the superintendent's authority to establish or revise human resources policy. These guidelines and procedures are adopted to guide the internal operations of the WSD and do not create any legally enforceable interest or limit the superintendent's authority to terminate a noncontract employee at will.

## POLICY:

The WSD is committed to the principles of the Equal Employment Opportunity (EEO) law and ensuring full adherence to the letter and spirit of the law. The WSD will not discriminate against any applicant or employee because of race, color, religion, sex (gender), national origin, age, disability, or genetic information. The WSD will not tolerate any artificial barriers that deny applicants or employees equal opportunity in an employment-related process. Furthermore, the WSD will not subject any employee or applicant to retaliation for opposing or reporting employment discrimination in any employment-related process.

## DEFINITIONS:

"Applicant" is a person seeking consideration for a position within the WSD by way of interagency transfer, employment, or reemployment from outside the WSD.

"Artificial Barriers" are requirements, procedures, or standards for employment that are not related to successful job performance.

"Discrimination" is unequal treatment of persons based on sex (gender), including sexual harassment, race, color, religion, national origin, age (40 or older), disability, or genetic information. Discrimination by employers falls into four general areas: (1) hiring and firing, such as failing or refusing to hire or discharging; (2) employment conditions, such as compensation, terms, conditions, or privileges; (3) segregation and classification, such as limiting, segregating, or classifying employees in any way that would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect their status as an employee; and (4) training, such as unequal access to training that may affect an individual's ability to promote.

"Equal Employment Opportunity Commission" (EEOC) is the federal agency that enforces federal laws prohibiting employment discrimination and retaliation.

"Retaliation," for the purpose of this policy, is: (1) any action that may deter a reasonable person from filing a complaint, participating in a proceeding regarding, or otherwise opposing an alleged EEO rule violation; or (2) any action against an applicant, employee, or other individual because of that person's association with an individual who has engaged in a protected activity.

"Texas Workforce Commission, Civil Rights Division" (TWC-CRD) is the state agency charged with: (1) enforcing state laws prohibiting employment discrimination and retaliation; and (2) investigating alleged violations of such laws.

## DISCUSSION:

The WSD is committed to ensuring that all applicants and employees are treated fairly and equitably in all matters affecting employment with the WSD. The WSD is also committed to providing a work environment free of all forms of employment discrimination and maintaining a diverse workforce.

Decisions relating to recruiting, hiring, position transfers, and promotions must be based solely on an individual's qualifications and ability to perform the essential functions of the position. The WSD does not tolerate any artificial barriers denying applicants or employees equal opportunity in any phase of these employment-related processes.

All WSD practices must be administered without regard to race, color, religion, sex (gender), national origin, age (40 or above), disability, or genetic information. Such practices include, but are not limited to, events and activities sponsored by the WSD, the provision of benefits and compensation, disciplinary actions, grievance intake and responses, shift or job assignments, shift transfer requests, and training and staff development opportunities.

40

If an applicant or employee believes they have been discriminated against based on race, color, religion, sex (gender), national origin, age, disability, or genetic information, or subjected to retaliation, the applicants or employees may pursue a complaint. If an applicant or employee believes they have been sexually harassed, which is a form of gender discrimination, the applicant or employee may pursue a complaint in accordance with the procedures in WBP-07.40, "Sexual Harassment." No applicant or employee will be impeded in any manner from filing a complaint of employment discrimination with WSD Human Resources, the TWC-CRD or the EEOC, or be subjected to harassment or retaliation for opposing alleged unlawful employment practices.

Any employee found to be in violation of this directive may be subject to disciplinary action, up to and including separation from employment, in accordance with WBP-07.44, "Professional Standards of Conduct and Disciplinary Guidelines."

## PROCEDURES:

I.    Written Policy Statement

The superintendent or designee will prepare and maintain a written policy statement that implements a program of equal employment opportunity to ensure that all personnel decisions are made without regard to race, color, religion, sex (gender), national origin, age, disability, or genetic information.

A.    The policy statement will include:

1.    Review and approval of all amendments to WSD policies related to equal employment opportunity, as defined in WBP-02.00, "Windham School District Board of Trustees Responsibilities," that show the intent of the WSD to avoid the unlawful employment practices described by Texas Labor Code §§ 21.001–.556;

2.    An analysis of the extent to which the composition of the WSD's personnel is in accordance with state and federal law; and

3.    Reasonable methods to achieve compliance with state and federal law.

B.    The Windham Board of Trustees will review and approve the policy statement in accordance with WBP-02.00. In addition, the WSD will submit the policy statement to the TWC-CRD for review to verify compliance with Section I.A.1 of this policy.

II.   Workforce Analysis, Recruitment Plan, and Annual Report

A.    Workforce Analysis

Each state fiscal biennium, the WSD must analyze its current workforce and compare the number of African Americans, Hispanic Americans, and females employed by the WSD in each job category to the available African Americans, Hispanic Americans, and females in the statewide civilian workforce to determine the

percentage of exclusion or underutilization in each job category.

B. Recruitment Plan

1. The WSD must develop and implement a plan to recruit qualified African Americans, Hispanic Americans, and females:

   a. If the workforce availability analysis demonstrates the exclusion or underutilization of African Americans, Hispanic Americans, and/or females; or

   b. Based on:

      (1) Court-ordered remedies;

      (2) Supervised conciliations; or

      (3) Settlement agreements.

2. The plan must comply with the requirements of Texas Labor Code Texas Labor Code §§ 21.001–.556.

C. Annual Report

No later than November 1 of each calendar year, the Human Resources Department must send to the Texas Workforce Commission a report with the total number of African Americans, Hispanic Americans, females, and other persons hired for each job category by the district during the preceding state fiscal year.

III. Training

Employees must receive annual training regarding WSD policies and procedures prohibiting employment discrimination. Employees participating in such training must also be informed of the federal and state agencies responsible for enforcing equal employment opportunity laws.

Signature on file
Hon. Dale Wainwright, Chairman
Windham School District Board of Trustees

42

TAB 1    Extracts of the TAC and the Education Code

**TAB Number 1**

# Texas Administrative Code

| | |
|---|---|
| TITLE 37 | PUBLIC SAFETY AND CORRECTIONS |
| PART 6 | TEXAS DEPARTMENT OF CRIMINAL JUSTICE |
| CHAPTER 152 | CORRECTIONAL INSTITUTIONS DIVISION |
| SUBCHAPTER A | MISSION AND ADMISSIONS |
| RULE §152.1 | Correctional Institutions Division |

The Correctional Institutions Division (CID) is the division of the Texas Department of Criminal Justice with operational responsibility for providing safe and appropriate confinement, supervision, and rehabilitation of Texas adult felony offenders sentenced under the Texas Penal Code or under Texas Code of Criminal Procedure Article 42.12 §14B. The CID operates a variety of secure correctional facilities including prisons, pre-release facilities, psychiatric facilities, medical facilities, substance abuse felony punishment facilities, state jails, transfer facilities, state boot camps and an intermediate sanction facility.

Source Note: The provisions of this §152.1 adopted to be effective February 20, 2006, 31 TexReg 1048; amended to be effective March 4, 2012, 37 TexReg 1363

List of Titles     Back to List

HOME | TEXAS REGISTER | TEXAS ADMINISTRATIVE CODE | OPEN MEETINGS

44

CHAPTER 19. SCHOOLS IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Sec. 19.004. GOVERNANCE, LIMITATION ON POWERS, AND DUTIES.

(c) The district shall:
(1) develop educational programs specifically designed for persons eligible under Section 19.005 and ensure that those programs, such as GED and ESL, are integrated with an applied vocational context leading to employment;
(1-a) develop vocational training programs specifically designed for persons eligible under Section 19.005 and prioritize the programs that result in certification or licensure, considering the impact that a previous felony conviction has on the ability to secure certification, licensure, and employment;
(1-b) continually assess job markets in this state and update, augment, and expand the vocational training programs developed under Subdivision (1-a) as necessary to provide relevant and marketable skills to students; and
(2) coordinate educational programs and services in the department with those provided by other state agencies, by political subdivisions, and by persons who provide programs and services under contract.

TAB 2    Individualized Treatment Plan (ITP) Procedures 8.01, Windham School
         District Academic Program

**TAB Number 2**

SUBJECT: Individualized Treatment Plan Process for Windham School District Academic Program

DEFINITION:

Literacy programs provide adult basic education for offenders functioning below the sixth grade level and secondary level adult education for those who are working toward attainment of a high school equivalency certificate (HSEC, formerly known as GED). Special Education services are also offered for offenders who may be in need of these services. English as a Second Language (ESL) classes are available for offenders who exhibit limited or nonexistent English proficiency.

PROCEDURES:

All Literacy and ESL classes are considered non-voluntary prior to and after enrollment. Withdrawal from an academic class shall follow procedures in WSD OP-09.18, "Withdrawing Offenders from Education Programs". Attainment of a HSEC does not necessarily satisfy an Academic ITP need. Other factors to consider are the offender's need for further training to enhance employability skills and/or for college remediation. Offenders with a HSEC or high school diploma are served on a voluntary basis as space allows. Offenders with any college credit hours may be eligible in accordance with WSD Policy 8.01, "Student Eligibility Procedures for Windham School". Once offenders become college eligible, they are no longer eligible to be served in WSD academic programs.

The following rules apply in determining the appropriate ITP keys for Academic programs:

Need Key

- 3 - Literacy III, EA 6.0 and above
- 2 - Literacy II, E.A. 4.0 - 5.9
- 1 - Literacy I, E.A. below 4.0
- 0 - No assessed academic needs (Has college claimed/verified)

Priority Key

- 3 - Less than age 22
- 2 - Age 22 to 34
- 1 - Age 35 to 59
- E - Age 60 or older, or offenders with Immigration and Customs Enforcement detainers.
- 0 - No need, offender has 0 level of need

183

47

TAB 3    Individualized Treatment Plan (ITP) Procedures 8.00, Windham School
District

# TAB Number 3

**SUBJECT:**   Windham School District Individualized Treatment Plan (ITP) Treatment Department Guidelines

**POLICY:**   In developing an Individualized Treatment Plan (ITP) for incarcerated offenders, the Windham or contracted educational representative will determine the individual needs of the offender and the program(s) which will be most beneficial in job preparation and is designed to reduce the offender's chance of recidivating. The ITP should be coded according to eligibility requirements in accordance with WSD Policy 8.01, "Student Eligibility Procedures for Windham School" and TDCJ AD-07.07, "Individualized Treatment Plan Management".

**DEFINITIONS:**

*NEED KEY:* Based upon available data, the offender will be prioritized according to individual needs in order to address his/her educational deficiencies.

*PRIORITY KEY:* Offender will be placed into the appropriate educational program based upon specified criteria such as (projected release date, voted parole date, State Jail release date, previous participation and/or age).

**PROCEDURES:**

I.   Computerized Process

Initial ITP's and ITP updates are determined by computer. The need key and priority key are automated, as are selected participation codes.

II.   Placement Consideration for All Programs (including, but not limited to):
- Age
- Custody level
- Educational achievement level
- Educational assessments
- Previous education participation
- Institutional behavior
- State Jail release date
- Medical classification
- Projected release date
- Voted parole date
- Workplace literacy skills

186

## III. Review/Update Process

The computer will automatically calculate the offender's initial ITP. Each offender may be seen in person and receive orientation and educational assessment, as appropriate. The initial ITP shall be accomplished by following the ITP policy guidelines.

The computer will review each ITP on a regular basis to update the need key and priority key for the academic, vocational and pre-release lines. The participation codes are automatically updated. Manual input of some participation codes is required as offender eligibility status changes.

When reviewing an offender's ITP for the Parole Case Pull, the date of the actual review shall be updated in order to alert all users that the ITP information is current as of the review date entered (MM/YY). The Parole Case Pull update ensures the information is updated and available for inclusion in the Parole Case Summary.

Items that are automated:
- Automation will automatically post (PE) on the academic, vocational, pre-release and cognitive participation code.
- Offenders who do not meet WSD eligibility criteria are coded as ineligible (IE).
- Eligible offenders who are placed in AD SEG or G5/J5 custody are coded with a participation code of ID. Automation will change the ITP to the appropriate codes when they achieve a less restrictive custody.
- Eligible offenders who are placed in G4/J4 custody will have their participation code changed to PM for academic, vocational and pre-release. The code will be changed back to PP when a less restrictive custody is attained.
- PAS will be coded for all offenders on facilities that offer PAS. When offenders who have completed PAS are transferred to a unit that does not offer the program, the PC code will not change. Offenders that have not completed PAS who transfer to a unit that does not offer the program will be coded PU.
- CHANGES II completions entered on the WSD CHANGES screen will automatically update the ITP to PC.
- Vocational completions will update the ITP to PC from the completion entered on the WSD system.

## IV. Other Processes

The comment section is to be used to indicate specific program information. Appropriate topics for comments might include:
- program refusal information
- vocational course waiting list(s)
- completion dates or estimated completion dates

TAB 4    District spreadsheet with details of ITP.

**TAB Number 4**

| TDCIIDI | NAME | UNIT | CUSTODY | AGE | PGM NAME | NEED | PRIORITY | COMMENT | PAROLE ACT DT | PAROLE ACT CD | EA | PROJ REL DATE | HS/GED | ICE | MAJOR CASE | HOURS | UPDATE_DATE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1876178 | JOHNSON,XAVIER | FE | G2 | 25 | VOCATIONAL | 1 | 3 | | 14-Oct-16 | CRD | 7.2 | 22-May-23 | F | N | N | 93 | 1-Nov-17 |
| 1876178 | JOHNSON,XAVIER | FE | G2 | 25 | PRE-RELEASE | 0 | 0 | | 14-Oct-16 | CRD | 7.2 | 22-May-23 | F | N | N | | 1-Nov-17 |
| 1876178 | JOHNSON,XAVIER | FE | G2 | 25 | ACADEMIC | 3 | 2 | | 14-Oct-16 | CRD | 7.2 | 22-May-23 | F | N | N | 870 | 1-Nov-17 |
| 1876178 | JOHNSON,XAVIER | FE | G2 | 25 | COGNITIVE SKL | 3 | 3 | BX | 14-Oct-16 | CRD | 7.2 | 22-May-23 | F | N | N | 186 | 1-Nov-17 |

Notes

FE is the Ferguson Unit

BX is the Domeniquez Unit

N means no major disciplinary casses within the last 6 months

G2 is a classificaion code. G1, G2, G3 are authorized to attend school.

CRD is Current Review Date. The Parole Board denied parole, but will review file at next scheduled time.

TAB 5   WBP 8.01, Student eligibility for Windham School District Programs.

**TAB Number 5**



| | NUMBER: | WBP-08.01 (rev. 3) |
|---|---|---|
| WINDHAM SCHOOL | DATE: | February 19, 2016 |
| DISTRICT | PAGE: | 1 of 7 |
| | SUPERSEDES: | WBP-8.01 (rev. 2) June 15, 2012 |

# WINDHAM BOARD POLICY

**SUBJECT:** STUDENT ELIGIBILITY FOR WINDHAM SCHOOL DISTRICT PROGRAMS

**AUTHORITY:** Tex. Educ. Code §§ 19.001-.011; 34 C.F.R. § 104; *The Rehabilitation Act of 1973*, 29 U.S.C. § 794; Title VI of the *Civil Rights Act*, 42 U.S.C. § 1971; Title IX of the *Education Amendments of 1972*, 20 U.S.C. §§ 1681-1688; *Texas General Appropriations Act*, 84th Leg. R.S., Art. III, Rider 6

Reference: American Correctional Association Standards 4-4464 - 4-4467, 4-4474 - 4-4475, 4-4478; TDCJ Administrative Directive (AD)-07.02, "Offender Participation in Educational Programs and Services"

**APPLICABILITY:** Windham School District (WSD)

**POLICY:**

The WSD shall use appropriated funds to serve offenders whose participation in WSD educational programs will help achieve the goals of reducing recidivism and increasing success of former offenders in obtaining and maintaining employment. To achieve these goals, younger offenders with the lowest educational levels and the earliest projected release or parole eligibility dates, as indicated on their Individualized Treatment Plan (ITP), shall receive highest priority. Admission to WSD educational programs is based on eligibility for WSD programs, educational achievement level, aptitude and interest, and available class space. This policy shall not preclude the WSD from serving other populations according to needs and resources.

The WSD provides free, appropriate education to all students. An appropriate education includes regular or special education and related services designed to meet the individual educational needs of students. These services are based on adherence to procedures that satisfy federal requirements for educational setting, evaluation, placement, and procedural safeguards.

The WSD shall not discriminate on the basis of race, religion, color, national origin, gender, genetic information, uniformed services status, or disability in its educational programs, services, or activities. No qualified disabled student shall, on the basis of disability, be excluded from participation in, be denied the benefits of, or otherwise be subjected to discrimination in conjunction

with any WSD program. The WSD shall ensure that a lack of English language skills will not be a barrier to admission or participation in all educational and vocational programs.

The principal on each campus shall coordinate efforts to comply with Section 504 of the *Rehabilitation Act of 1973* and its implementing regulations.

## DEFINITIONS:

"Disabled Student" is one who has a physical or mental impairment that substantially limits one or more major life activities, such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.

"Individualized Treatment Plan" (ITP) is a plan established for each individual offender to guide staff in the placement of offenders in treatment programs. Offenders shall be enrolled in educational, academic, and vocational programs based on ITP priority codes.

## PROCEDURES:

I.    Program Description

The WSD provides a variety of academic classes, life skills, and Career and Technical Education (CTE) courses to offenders incarcerated in the Texas Department of Criminal Justice (TDCJ). The WSD also works in conjunction with select local school districts with the TDCJ to provide a high school diploma (HSD) program for eligible offenders who were close to achieving a diploma prior to incarceration, and with select colleges and universities to provide dual credit opportunities for qualifying students.

WSD programs are designed to meet the unique needs of adult offenders and address the legislatively mandated goals of reducing recidivism, reducing the cost of confinement, promoting positive behavior during confinement, and increasing offenders' success in obtaining employment upon release. Integrated academic, life skills, and CTE programs provide instruction in the skills and workplace competencies identified by the Secretary's Commission on Achieving Necessary Skills. An interdisciplinary approach is used to address multiple learning styles and learning in real world contexts. Emphasis is placed on the skills employers demand, such as personal qualities, cultural sensitivity and tolerance, teamwork, decision making, and problem solving.

II.   Student Eligibility for Programs

Students must meet minimum requirements as established by TDCJ AD-07.02. Prison offenders classified as G1, G2, or G3 and state jail offenders classified as J1 or J2 shall be eligible for participation in academic programs according to the ITP process and the eligibility requirements of specific programs. Offenders classified as G4 or J4 may be considered on a case-by-case basis with the warden's approval. Offenders with a history of disciplinary violations for sexual misconduct shall generally not be allowed to participate in academic programming for security reasons.

55

The ITP shall guide all placement decisions, and WSD services shall be provided as a result of an identified need. Services are not an entitlement for offenders.

WSD Offender Programs (Attachment A) illustrates the programs offenders may be eligible for if certain conditions are met. When selecting students for all programs, offenders who have not yet earned a General Educational Development (GED) certificate shall have higher priority than those who have an HSD from an accredited institution, a GED, or any equivalent state issued certificate.

A.  Literacy

    Offenders without an HSD, GED, or equivalent state issued certificate are required to attend literacy programs if prescribed by their ITP.

B.  Special Education

    Special Education services are provided for eligible offenders in accordance with State Board of Education and Commissioner's Rules for Special Education Services and applicable federal statutes and regulations.

C.  English as a Second Language (ESL)

    ESL services, where available, shall be provided for eligible offenders with limited or nonexistent English speaking, reading, and writing abilities.

D.  Title I

    Title I programs are remedial programs for offenders who are less than 21 years of age. These programs require concurrent enrollment in a regular program of instruction.

E.  Cognitive Intervention

    Cognitive Intervention services, where available, are provided through referrals due to a history of attitude, behavioral, or institutional adjustment problems. Volunteer students may be accepted.

F.  Changing Habits and Achieving New Goals to Empower Success (CHANGES)

    CHANGES is a pre-release program required for offenders who are within 24 months of release as prescribed by their ITP.

G.  Parenting & Family Wellness

    Parenting & Family Wellness is a parenting program, offered at selected units, that supports the development of healthy family relationships.

H.    CTE

CTE includes regular vocational programs (600- or 300-hour courses or various length certification courses), Apprenticeship, On-the-Job Training (OJT), and short courses. Not all programs are available at all units. Participation in CTE courses shall be based on the offender's training during prior and current incarcerations, and the length of time until an offender's projected release date. Offenders with more than five years to their projected release date may take one regular CTE course to address the TDCJ's need for qualified workers. Within five years of projected release, additional training may be appropriate to further an offender's career opportunities. Up to two additional courses, which are linked to a specific labor demand, may be taken within five years of release. Business Computer Information Systems (BCIS) I/II are excluded from the number of CTE courses available to offenders within five years of release.

Because course content rapidly becomes outdated, Business Image Management & Multimedia, BCIS I and II, Computer Maintenance Technician, and Computer Aided-Drafting shall be offered primarily to offenders who are within five years of release.

1.    Offenders shall meet additional criteria to be considered for regular CTE (600- or 300-hour courses or various length certification courses) and short courses.

    a.    For all courses, students shall exhibit an interest in the specific course as identified through a career interest interview with education staff.

    b.    Students shall have potential for success by demonstrating Educational Achievement (EA) scores in accordance with the recommended levels established by the CTE department. These scores shall be waived for special education students upon recommendation of the Admission, Review, and Dismissal Committee.

    c.    Students shall have potential for success by demonstrating physical abilities in accordance with the recommended physical demands of the workforce as established by the CTE department.

    d.    CTE students, Apprenticeship, OJT, and short course students who do not have a GED certificate or workplace skills are required to be concurrently enrolled in WSD academic programs, if they are eligible and their school schedule allows.

    e.    In addition to other established criteria, students considered for WSD short courses shall meet one of the following:

        (1)    Be within two years of release;

57

(2) Will improve work skills for current job assignment; or

(3) Will be placed in a related TDCJ job immediately upon completion of the short course.

f. Students enrolled in a short course may not be concurrently enrolled in a regular CTE course or the Apprenticeship program.

2. A comprehensive evaluation shall be conducted for all students prior to placement in the CTE courses or for those who are within five years of projected release as prioritized by the ITP process. A comprehensive evaluation shall include a face-to-face interview and the completion of the Vocational Class Placement form. Program recommendations resulting from the assessment process shall be recorded in the appropriate database for offenders.

Specific offender eligibility criteria for the Apprenticeship and OJT management programs are delineated in WSD Operating Procedures (OP)-08.02, "Career and Technical Education (CTE)."

I. High School Diploma Program

Offenders under 26 years of age who do not have an HSD may participate in the HSD program, where available. Dual credit courses may be offered in conjunction with local colleges and universities.

III. Individualized Treatment Plan Priorities

Offenders shall be enrolled in academic and vocational programs based on ITP priority codes. The following codes reflect highest to lowest priority with respect to enrollment in WSD programs:

A. Academic

| 3 | Less than age 22 |
|---|---|
| 2 | Age 22 to 34 |
| 1 | Age 35 to 59 |
| E | Age 60 or older, or<br>Offenders with Immigration and Customs Enforcement (ICE) detainers |
| 0 | No need,<br>Currently enrolled, or<br>Ineligible due to the TDCJ and WSD policy or procedures |

B.     Vocational

| 3 | No prior vocational trade |
|---|---|
| 2 | One prior vocational trade |
| 1 | Two or more prior vocational trades |
| E | Age 60 or older, or Offenders with ICE detainers |
| 0 | No need, Offender has 0 level of need |

Students within the same ITP tier who do not have previous vocational training shall receive higher priority than others when considered for vocational enrollment.

C.     Students within the same ITP tier who do not have an HSD, GED, or equivalent state issued certificate shall receive higher priority.

IV.    Immigration and Customs Enforcement Detainers

A.     English as a Second Language

Offenders with ICE detainers may be enrolled in ESL classes if their projected release dates are more than one year away.

B.     For other programs, offenders with ICE detainers may be considered for enrollment on a case-by-case basis. Waiver requests to enroll in programs other than ESL may be submitted, with appropriate justification, to the Division of Operational Support.

C.     Apprenticeship Program

Offenders with ICE detainers may be enrolled in the Apprenticeship program, if requested by the TDCJ.


Signature on file_____
Hon. Dale Wainwright, Chairman
Windham School District Board of Trustees

## WSD Offender Programs

| Offender Level of Education | Literacy[3] | Special Ed | ESL[4] | Title I | Cognitive Intervention | CHANGES | Parenting & Family Wellness | CTE[1] | Short Courses[2] | Apprenticeship & OJT |
|---|---|---|---|---|---|---|---|---|---|---|
| No HSD/GED | X | X | X | X | X | X | X | X | X | X |
| HSD/GED with no claimed/verified college (or ≤ 12 college hours) and does not meet EA college entrance exam requirements | X | X[5] | | | X | X | X | X | X | X |
| HSD/GED with no claimed/verified college and meets EA college entrance exam requirements | | | | | X | X | X | X | X | X |
| HSD/GED with less than or equal to 30 claimed/verified college hours[1] | | | | | X | X | X | X | X | X |
| HSD/GED with more than 30 claimed/verified college hours[1] | | | | | X | X | X | | X | X |
| HSD/GED with participation/completion in one or more college vocational courses inside TDCJ[1] | | | | | X | X | X | X | X | X |
| No HSD/GED with less than or equal to 30 claimed/verified college hours[1] | | | | | X | X | X | X | X | X |
| No HSD/GED with more than 30 claimed/verified college hours[1] | | | | | X | X | X | | X | X |
| No HSD/GED with participation/completion in one or more college vocational courses inside TDCJ[1] | | | | | X | X | X | X | X | X |

1 College participation/completion in non-credit courses is not considered for eligibility purposes.

2 Policies regarding college participation may be waived for short courses at the discretion of the superintendent

3 Offenders with previous college vocational enrollment hours may be enrolled in literacy classes on a voluntary basis if they do not meet college eligibility requirements.

4 Offenders, who have earned a GED in a language other than English, shall be eligible for ESL if they meet the qualifications for the program.

5 Applies to offenders who receive Special Education services for the blind or deaf or who received an HSD by Individualized Education Program (if Special Education Services are needed).

6 Applies to offenders who earned college hours preceding implementation of college entrance exam requirements.

TAB 6    Statement from Elizabeth (Claire) Robertson, Counselor at Ferguson Unit

**TAB Number 6**

Dear Mr. Mondville,

My name is Elizabeth (Clare) Robertson and I am a Counselor with WSD. I have a Masters of Education in Counseling, along with a Principal certification. I have been with WSD for nine years, with a total of 28 years in education.

As a Windham counselor, it is my job to enroll students in academic classes. I screen students before enrolling, looking at custody level, line class, disciplinary history, age, EA score and release date. Offenders must be general population or trusty status, Line 2 or better, and no major cases within the last six months. Need & Priority are reflected on ITP, based upon EA score and age. Younger students are higher priority, and higher EA scores are higher need. Xavier Johnson #1876178 was 25 at the time of the incident, with an EA score of 7.2 and a projected release date of 2026.

Johnson was enrolled at the Dominguez unit from July 2014 through July 2015, at which time he transferred to Ferguson. He was enrolled at Ferguson September 2015 through November 2015. He then went G4 for cases outside of school, which made him ineligible for school. When he became eligible for school again in September 2016, as a G2, with no other restrictions, and only minor cases (such as being out of place) in the six months prior.

Johnson was in school from September 2016 through November 2016, when he again went G4. These cases were for banging on the chapel window, being in the dayroom without permission, and not going to work. He was again enrolled in July 2017 when he became eligible again, since these cases, again, did not occur in, nor did they have anything to do with school.

Labeling an offender with "Sexual misconduct history" is a judgement call. I will put a comment on an offender's screen if, in my professional judgement, it seems habitual. In some cases, offenders have "Do not assign around female civilians" on their UCR 07 screen. Johnson still does not have this, nor was he a sex offender. His screen still says sex offender flag: No.

There were at least four students that Ms. Truelove had previously sent out of the classroom for various infractions. Ms. Bishop informed me that Jesse Mosqueda 1771782 was removed for taking off his shoes (dress code violation) and she later allowed him to return. Augustine Perez 1585955, Bryan Anderson 2120406, and Jonathan Ventura 2070105 were also removed at her request, each for, in Ms. Truelove's words, "looking at her wrong" or "smirking." She also allowed these to return to class later. When a teacher has a student removed from class, I ask the teacher if the student needs to be dropped from school, or if they are OK to stay. Many times I also counsel with the student, reminding them of our expectations.

When Ms. Truelove was observing a classroom with Ms. Ballard-Smith, a student, Jacory Thomas #2107765 named her sons, asking if she was kin to them. She left the room and came upstairs crying. The student was dropped from school, the warden was notified, and Thomas was scheduled for transfer to another unit. She later said she prayed about it, and was OK with him coming back, but he did not.

All things considered, Johnson was eligible for school, and it was on his ITP set by TDCJ to attend school.

Thank you,

*Clare Robertson* 4/27/18

Clare Robertson

TAB 7    Statement from S. Cunningham COIV

**TAB Number 7**

63

To whom it may concern

Any time a offender is acting up in class he is removed. Once the teacher let us know what is going on, he is then removed, restrain and call for a supervisor to take him to PHD holding

S Cunningham CO IV
S Cunningham CO IV
4/27/18

64

TAB 8    Statement from J. Morales CO


**TAB Number 8**

To: whom it my concern.                    Date: 4/27/18

As a Security officer for TDCJ, assigned to the Education Department if a Teacher needed an offender. removed from class for sexual misconduct. I would take the following steps. First, I would Remove the offender from class and place him in hand Restaints. Second, I immediately call for A supervisor and escort officers, to escort said offender from the education department. The offender would then be placed in PHD on X-Block. The teacher would also be asked to write an offense Report on said offender for sexual misconduct.

I have removed several offenders from class for various reasons. Anytime a Teacher felt ~~there~~ threaten by an offender, that offender would be removed from class. The only way said offender would be able to ~~class if~~ return to class if said offender would talk to a counselor and the teacher. ~~If they~~ After the counselor and the teacher spoken the offender. If they felt it appropriate the offender would be allowed to return to class. Some of the instances where offenders were removed from class included offenders talking back to Teachers, Offenders giving Teachers a mean/prevocative look and offenders Refusing to do his work assignment.

I Recall two incident where Ms. Truelove called for me, Officer Morales, to Remove two different offenders on two different occasions. The first incident was with offender Anderson. Ms. Truelove had me remove offender Anderson for back talk her and Refusing to do his work assignment. The second incident was with

offender Mosqueda. Ms. Truelove had me remove offender Mosqueda the same day has the first incident. I removed offender Mosqueda for removing his shoes in class, for refusing to do work assignment and back talking her. During both these incident both offender were removed from class. Ms. Truelove spoke to both offenders on their behavior and deemed it appropriate for both offenders to return to class

J. Morales

TAB 9    Statement from Vanessa Bazan (Howell) COIV

# TAB Number 9

To: Whom it may concern

From: Officer Vanessa Bazan, CO IV
(V. Howell)

As an officer in the Education Department, I have always taken allegations of offender sexual misconduct seriously. I would remove the offender from class, call for a supervisor and some escort officers, and restrain the offender. I would ask the teacher if they felt comfortable writing an offense report, and either help them with writing it or submit one myself. The offenders were always placed in A+D on X-block and removed from the education rosters.

I have personally removed offenders from classes for many different reasons. If at any time the teacher felt uncomfortable, or disrespected from the way an offender looked at them, how they spoke, or any guestures, the offender would be removed from class. The only time any offender returned to class was when the teacher believed the offender could behave himself.

If the teacher claimed the offender flirted, threatened, or made any sexual advances the offender was immediately removed and an investigation was started.

I can not provide any specific examples for Mrs. Truelove's class because I was working in Upstairs Education at the time of the occurrance.

V. B.

TAB 10   Statement from Karen Bishop Windham Instructor

**TAB Number 10**

April 26, 2018

TO:

From: Karen Bishop / Academic Teacher

As a teacher for Windham School District, I have always been able to send a student out of the classroom if they were exibiting any behavior that I deemed disruptive or dangerous. I have worked for Windham for more than eight years, and I have never had a problem with sending an offender out of class. The officers in education are always ready to help us with any disruptive offenders. I also witnessed Mrs. Truelove sending out two offenders prior to this incident. She sent out offenders Mosqueda and Anderson for two different reasons. I have also seen the officers remove students from other classrooms because of sexual misconduct. Once the officer is notified of the situation, they immediatly remove and restrain the offender.

Karen Bish

TAB 11   Statement from Ms. Smith (Ballard) Windham Instructor

**TAB Number 11**

On the day Ms. Truelove was observing my class, a student asked her if she was related to anyone in Polk County. Ms. Truelove appeared distraught by the question. I advised her to remain calm and to say no, but to report that he had asked her that to the principal after class. She did not want to wait. She left class to go upstairs. She came down a while later asking for the student's name and went back upstairs.

Ms Smith (Ballard)
4/26/18

74

I recall several students being removed from the Lit 2/3 class and standing at the end of the hall. On two seprate occasions students that had been escorted out of the class spoke to me as I walked down the hall. Offender Anderson asked if I could do anything to get him back in class; he said he had been accused of smirking at the teacher. Offender Mosquada stated that he had been kicked out of class for taking his shoes off.

Ms. Smith (Bullard)
4/26/18

I am confident the educational officers will remove any student I ask them to if I ever needed. Any time I have ever asked about a students behavior or attitude, they have asked me if I wanted the student removed or not.

Ms Smith (Ballard)
4/26/18

TAB 12   Statement and map of the education section from Ms. Pickett, Principal of the Ferguson Unit

**TAB Number 12**

Dear Mr. Mondville,

My name is Luann Pickett, and I was the Principal on the Ferguson Unit on November 13, 2017. I have worked as a Windham Principal for over 14 years on 5 different units. This is my 31st year of state service.

As the principal, I hire staff and assign teaching assignments as well as classroom space.

I interviewed and hired Nicole Truelove to work on the Ferguson Unit as a Literacy II/III teacher. Ms. Truelove was assigned classroom A-14 in the downstairs area of the Education Department. Due to team teaching and limited space, all of the Literacy II/III teachers are assigned classrooms in the downstairs area and the Literacy I/II teachers are assigned classrooms in the upstairs area of the Education Department. Assigning the team teachers in the same general area allows for better collaboration and communication because they share the same students.

**Layout of the downstairs Education Department:**

There are a total of 6 classrooms downstairs besides the Library, restrooms, and teacher workroom. When entering the downstairs area of the department, there are 4 classrooms on the right-hand side of the hallway, and two on the left. On November 13, 2018, the following teachers and classroom assignments were in place:

**Right side of the hallway**

**Classroom Number**

| | | |
|---|---|---|
| A12 | Anna Shreves | Literacy II/III Computer Lab |
| A13 | Jessica Ballard Smith | Cognitive Intervention |
| A14 | Nicole Truelove | Literacy II/III |
| A15 | Tommy Sherman | Lee College Computer Class |

**Left side of the hallway**

| | | |
|---|---|---|
| A18 | Karen Bishop | Literacy II/III |
| A17 | Matthew Post | CHANGES III |

(This is list only includes the classrooms.)

When hiring or making classroom assignments, I do not discriminate. I hire the best person for the job regardless of sex, nationality, religious background, or age. In addition, I do not make classroom assignments based on any of the aforementioned categories. All

classrooms are evaluated for safety and security regardless of whomever is assigned to the classrooms.

Ms. Nicole Truelove's classroom was directly in the middle of Ms. Jessica Ballard Smith's classroom which was to the right side of her classroom, and Tommy Sherman's classroom which was on the left side of her classroom. Directly across from Ms. Truelove's classroom was Karen Bishop's classroom. Across the hallway and adjacent to Ms. Truelove's classroom was Mathew Post's classroom.

I have included a drawing that depicts the classrooms, Library, restrooms, and workroom.

On November 13, 2017, I had a total of 18 employees. Of these 18 employees, 11 were female, and 7 were male. In regards to teachers, I had a total of 14 teachers, and 8 were female, and 6 were male.

LuAnn Pickett
5-1-2018

**Emergency Exit**

| | |
|---|---|
| A17  Matthew Post<br><br>CHANGES III | A15  Tommy Sherman<br><br>Lee College |
| A18  Karen Bishop<br><br>Literacy II/III | A14  Nicole Truelove<br><br>Literacy II/III |
| A19 – A22  Ashley Nealey<br><br>Library | A13<br><br>Jessica Ballard Smith |
| | Anna Shreves  Literacy II/III    Computer LabL |
| A23 Employee Restrooms | |
| A10  Offender Restroom | Teacher's Workroom |

Hallway

Security Officers' Desk

Entrance

## UNSWORN DECLARATION
(Civil Practice and Remedies Code, Chapter 132)

My name is **Michael** **Paul** **Monoville**;
(First) (Middle) (Last)

my date of birth is ████████████ and my address is
(MM/DD/YYYY)

██████████████████████████████
(City) (State) (Zip Code)

and **Walker**.
(County)

I declare under penalty of perjury that the foregoing is true and correct.

Executed in **Walker** County, State of **TX**, on the **2** day
(County) (State) (Day)

of **MAY**, **2018**.
(Month) (Year)

_(Signature)_

81

April 12, 2018.

Reference:       Nicole Truelove v. WINDHAM SCHOOL DISTRICT
TWCCRD Charge No.:  1A18873
EEOC Charge No.:  31C-2018-00921C

# Texas Workforce Commission

A Member of Texas Workforce Solutions

Andres Alcantar, Chairman
Commissioner Representing the Public

Ruth R. Hughs
Commissioner Representing Employers

Julian Alvarez
Commissioner Representing Labor

Larry E. Temple
Executive Director

April 12, 2018

Attn: HR/Legal Department
WINDHAM SCHOOL DISTRICT
802 FM 2821 W
Huntsville, TX 77320

Reference: Nicole Truelove v. WINDHAM SCHOOL DISTRICT
TWCCRD Charge No.: 1A18873
EEOC Charge No.: 31C-2018-00921C

83



84

April 12, 2018

Reference: Nicole Truelove v. WINDHAM SCHOOL DISTRICT
TWCCRD Charge No.: 1A18873
EEOC Charge No.: 31C-2018-00921C

# INSTRUCTIONS FOR POSITION STATEMENT AND SUPPORTING DOCUMENTATION



The Position Statement must address each allegation made in the Complainant's Charge of Discrimination and each of the items below. Provide copies of any documentation that supports the Position Statement. Please clearly identify or label the Respondent's Position Statement and Supporting Documentation. Documentation provided to us in support of the Respondent's position will not be released to the Complainant while the investigation is open. However, the Complainant may obtain the investigation file under the Texas Public Information Act after the investigation closes. A summary of your position and documentation will be prepared and sent to the Complainant for a rebuttal.

The Position Statement must include the following:
(1)  The full legal name and address of the Respondent, including if applicable, the relationship to and name and address of any parent company or agency.
(2)  The name, title and address of the individual(s) most directly responsible for managing the company or agency.
(3)  The number of employees currently employed by the Respondent.
(4)  A detailed statement that completely responds to each allegation in the Charge of Employment Discrimination,
(5)  A copy of the following information or documentation:
     a.  Policies and procedures regarding Equal Employment Opportunity (EEO), including complaint reporting procedures.
     b.  Written statements from all persons involved or that witnessed the actions identified in the Charge of Discrimination
     c.  A list of similarly-situated employees working in the last 2 years, including position title, the date and reason for the action taken for each employee listed
     d.  Any other documentation to support the reason for the adverse personnel action.

You may submit your Position Statement and Supporting Documentation by email to EEOIntake@twc.state.tx.us, fax to (512) 482-8465 or mail to 101 E. 15th Street, Room: Guadalupe CRD, Austin, Texas 78778-0001. Failure to fully and completely respond to all information requested may result in an in person investigation at the worksite or the issuance of a subpoena under Texas Labor Code Sections 21.003(4) and 21.306.

Please understand that Texas Labor Code Section 21.055 prohibits retaliation against a person who has filed, testified, assisted or participated in any manner in an investigation of a complaint of discrimination under Chapter 21 of the Texas Labor Code.

# UNSWORN DECLARATION
(Civil Practice and Remedies Code, Chapter 132)

My name is _____ _____ _____ ;
               (First)         (Middle)         (Last)

my date of birth is _____ ; and my address is
             (MM/DD/YYYY)

_____ , _____ , _____ _____ ,
     (Street)             (City)     (State) (Zip Code)

and _____ .
     (County)

I declare under penalty of perjury that the foregoing is true and correct.

Executed in _____ County, State of _____ , on the _____ day
          (County)                (State)     (Day)

of _____ , _____ .
    (Month)       (Year)

_____
(Signature)