IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NICOLE TRUELOVE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 4:19-cv-00763 |
| | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | JURY DEMANDED |
| JUSTICE and WINDHAM SCHOOL | § | |
| DISTRICT, et al. | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

---

## PLAINTIFF'S MOTION IN LIMINE

---

TO THE HONORABLE COURT:

Pursuant to the Scheduling and Docket Control Order, as amended, Federal Rule of Civil Procedure 26(a)(3), and Court Procedure Rule 5(C)(4), Plaintiff files the following Motion and Order in Limine. Plaintiffs seek to exclude matters that are inadmissible, irrelevant, or prejudicial to the material issues in this case. If Defendants, Texas Department of Criminal Justice (TDCJ) and the Windham School District (Windham), inject these matters in this case through a party, an attorney, or a witness, Defendants will cause irreparable harm to Plaintiff's case that no jury instruction would cure. If any of these matters are directly or indirectly brought to the attention of the jury, Plaintiff will be compelled to move for a mistrial. In an effort to avoid prejudice and a possible mistrial, Plaintiff makes this Motion in Limine.

### I. GROUNDS

Plaintiff respectfully moves that counsel for all parties and, through such counsel, any and all parties and witnesses, be prohibited from making any mention or interrogation, directly or

indirectly, concerning any of the following matters, without first approaching the bench and obtaining a ruling from the Court outside the presence and outside the hearing of all prospective jurors and jurors ultimately selected in this cause in regard to the alleged theory of admissibility of such matters.

**II.**

The following matters are the subject of this Motion in Limine:

1. Any evidence, statement, or argument referring to employee compensation and/or workers compensation paid to Plaintiff in relation to the workplace incident(s) at issue in this suit. Fed. R. Evid. 402-403.

**OPPOSED BY DEFENDANTS.**

_____    _____    _____    _____
Agreed                    Granted                   Modified                  Denied

2. Any evidence, statement, or argument that Plaintiff was involved in other lawsuits. Fed. R. Evid. 402-403.

**AGREED BY DEFENDANTS.**

_____    _____    _____    _____
Agreed                    Granted                   Modified                  Denied

3. Any evidence, statement, or argument that Inmate Johnson was convicted of a crime in relation to the workplace incident at issue in this suit. Fed. R. Evid. 402-403.

**OPPOSED BY DEFENDANTS.**

_____    _____    _____    _____

| Agreed | Granted | Modified | Denied |

4.      Any evidence, statement, or argument that Plaintiff has previously been charged with, arrested for, or convicted of any crime that is not related to the workplace incident at issue in this suit.   Fed. R. Evid. 402-404.

**AGREED BY DEFENDANTS.**

| _____ | _____ | _____ | _____ |
| Agreed | Granted | Modified | Denied |

5.      Any allegations or statements in any pleadings or allegations filed by Plaintiff in this case that are not sworn to by Plaintiff Nicole Truelove. Fed. R. Evid. 402-403.

**PARTIES TO CONTINUE DISCUSSION.**

| _____ | _____ | _____ | _____ |
| Agreed | Granted | Modified | Denied |

6.      Any evidence, statement, or argument that Texas Department of Criminal Justice and the Windham School District are separate entities. TDCJ and Windham are both entities of the State of Texas, will be referred to both and collectively as either "the State" or "the State of Texas." *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313–14 (5th Cir. 1991); *Johnson v. Texas Dep't of Corr.,* 373 F. Supp. 1108, 1109 (S.D. Tex. 1974) (""A suit against the prison system and the prison board is a suit against the State of Texas.' *Texas Prison Board v. Cabeen*, (Tex.Civ.App.— Beaumont 1942), 159 S.W.2d 523, 525"). Fed. R. Evid. 402-403.

**PARTIES TO CONTINUE DISCUSSION.**

_____    _____    _____    _____
Agreed                       Granted                    Modified                   Denied


7.      Any evidence, statement, or argument related to findings or lack of findings of DNA either on Plaintiff or assailant, Xavier Johnson because such evidence would require expert testimony and Defendants have not previously identified any experts on this topic.   Fed. R. Evid. 402-403.

_____    _____    _____    _____
Agreed                       Granted                    Modified                   Denied

**OPPOSED BY DEFENDANTS.**


Dated this 15th day of December, 2023.            Respectfully submitted,

/s/ Chad W. Dunn
Chad W. Dunn
Texas Bar No.23046507
BRAZIL & DUNN, LLP
1900 Pearl Street
Austin, Texas  78705
Office:   512-717-9822
Fax:   512-515-9355
chad@brazilanddunn.com

Richard Alan Grigg (Attorney-In-Charge)
Texas Bar No. 0487500
THE LAW OFFICE OF DICKY GRIGG, PC
1900 Pearl Street
Austin, Texas  78705
Office:   512-474-6061
Fax:   512-582-8560
Dicky@Grigg-Law.com
Mel@Grigg-Law.com

Randall L. Kallinen
Texas Bar No. 00790995
KALLINEN LAW PLLC
511 Broadway Street
Houston, Texas 77012

Office: 713-320-3785
Fax: 713-893-6737
AttorneyKallinen@aol.com

David Lindsay
Texas Bar No.24092703
MEJIAS LINDSAY, PLLC
4900 Woodway Drive, Suite 750
Houston, Texas 77056
Office: 832-426-4574
Fax: 281-783-8404
dlindsay@mejiaslindsay.com

Sonni Waknin, Plaintiff Co-Counsel
*appearing Pro Hac Vice*
6417 N. Figueroa Steet #10
Los Angeles, CA. 90042
732-610-1283


**ATTORNEYS FOR PLAINTIFF
NICOLE TRUELOVE**


## CERTIFICATE OF SERVICE


I hereby certify that on this 15th day of December, 2023, I electronically filed the foregoing document with the Clerk of Court of the United States District Court, Southern District of Texas, Houston Division, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.


/s/ *Chad W. Dunn*
Chad W. Dunn